**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-1458 |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Michal Bousso ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Spire Global, Inc. ("Spire Global" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Spire Global; and (c) review of other publicly available information concerning Spire Global.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired Spire Global securities between March 6, 2024 and August 14, 2024, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Spire Global is a provider of satellite data, analytics and services. The Company operates a proprietary constellation of multi-purpose nanosatellites and provides subscription access to its data for a range of commercial applications such as shipping vessel monitoring, aviation guidance, and weather forecasting. The Company's offering also includes "Space Services" which allows customers to deploy their own applications and sensors via satellite.

3.      On August 14, 2024, after the market closed, the Company announced it would be unable to timely file its second quarter 2024 financial report as the Company was "reviewing its accounting practices and procedures with respect to revenue recognition" regarding certain Space Services contracts and "related internal control matters." The Company disclosed the "type of Contracts that the Company has identified for re-evaluation resulted in recognized revenue of $10

to $15 million on an annual basis" and "additional financial measures such as gross profit could also be impacted."

4.      On this news, the Company's share price fell $3.41 or 33.56%, to close at $6.75 per share on August 15, 2024, on unusually heavy trading volume.

5.      Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that there were embedded leases of identifiable assets and pre-space mission activities for certain Space Services contracts; (2) that Spire Global lacked effective internal controls regarding revenue recognition for these contracts; (3) that, as a result, the Company overstated revenue for certain Space Services contracts; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

6.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud

or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located within this District.

10.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.     Plaintiff Michal Bousso, as set forth in the accompanying certification, incorporated by reference herein, purchased Spire Global securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant Spire Global is incorporated under the laws of Delaware with its principal executive offices located in Vienna, Virginia. Spire Global's common stock trades on the New York Stock Exchange exchange under the symbol "SPIR."

13.     Defendant Peter Platzer ("Platzer") was the Company's Chief Executive Officer ("CEO") at all relevant times.

14.     Defendant Leonardo Basola ("Basola") was the Company's Chief Financial Officer ("CFO") at all relevant times.

15.     Defendants Platzer and Basola (together, the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. The Individual Defendants were

provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

<u>**SUBSTANTIVE ALLEGATIONS**</u>

<u>**Background**</u>

16.      Spire Global is a provider of satellite data, analytics and services. The Company operates a proprietary constellation of multi-purpose nanosatellites and provides subscription access to its data for a range of commercial applications such as shipping vessel monitoring, aviation guidance, and weather forecasting. The Company's offering also includes "Space Services" which allows customers to deploy their own applications and sensors via satellite.

**Materially False and Misleading**

<u>**Statements Issued During the Class Period**</u>

17.      The Class Period begins on March 6, 2024. On that day, Spire Global issued a news release announcing its financial results for the quarter and fiscal year ended December 31, 2023, stating in relevant part:[1]

**Financial:**

● Fourth quarter 2023 revenue was $27.7 million, representing the 10th consecutive quarter of record revenue. ***Full year 2023 revenue was $105.7 million,***

---

[1] Unless otherwise stated, all emphasis in bold and italics hereinafter is added, and all footnotes are omitted.

*representing 32% year-over-year growth, and meeting our objective of over 30% annual revenue growth.*

● Fourth quarter 2023 U.S. generally accepted accounting principles ("GAAP") operating loss was $8.2 million, a 50% improvement year-over-year, and full year 2023 GAAP operating loss was $44.6 million, a 35% improvement. Fourth quarter 2023 non-GAAP operating loss was $3.6 million, a 65% improvement year-over-year and above the high end of our guidance range. *Full year 2023 non-GAAP operating loss was $25.8 million, a 42% improvement year-over-year. We believe these results reflect strong execution on our path to profitability.*

\*       \*       \*

**Financial Outlook**

Spire is providing the following guidance for the first quarter 2024 and for the full year ending December 31, 2024:

| | Q1'24 Ranges | | FY'24 Ranges | |
| --- | --- | --- | --- | --- |
| | Low | High | Low | High |
| Revenue (millions) | $ 27.0 | $ 29.0 | $ 138.0 | $ 148.0 |
| Y/Y Growth | 12% | 20% | 31% | 40% |
| Non-GAAP Operating Loss (millions) | $ (8.0) | $ (6.0) | $ (5.5) | $ 2.5 |
| Adjusted EBITDA (millions) | $ (2.0) | $ 0.0 | $ 13.0 | $ 19.0 |
| Non-GAAP (Loss) Income Per Share | $ (0.36) | $ (0.27) | $ (0.24) | $ 0.11 |
| Basic Weighted Average Shares (millions) | 22.0 | 22.0 | 22.5 | 22.5 |

18.     On March 6, 2024, the Company submitted its annual report for the fiscal year ended December 31, 2023, on a Form 10-K filed with the SEC, affirming the previously reported financial results (the "FY23 10-K").   The FY23 10-K reported the Company's revenue recognition methodology, stating in relevant part:

**Revenue Recognition**

The Company generates revenue from four main solutions: Maritime, Aviation, Weather and Space Services. The Company offers the following three data solutions to customers:

- **Maritime**: precise space-based data used for highly accurate ship monitoring, ship safety and route optimization.

- **Aviation**: precise space-based data used for highly accurate aircraft monitoring, aircraft safety and route optimization.

- **Weather**: precise space-based data used for highly accurate weather forecasting.

5

***As a fourth solution, the Company is also pioneering an innovative "space-as-a-service" business model through its Space Services solution. The Company leverages its fully deployed infrastructure and large-scale operations to enable customers to obtain customized data through its application programming interface ("API") infrastructure.***

Revenue recognition involves the identification of the contract, identification of performance obligations in the contract, determination of the transaction price, allocation of the transaction price to the previously identified performance obligations and recognition of revenue as the performance obligations are satisfied.

The Company recognizes revenue for each separately identifiable performance obligation in a data solutions contract representing a promise to transfer data or a distinct service to a customer. In most cases, data provided under the Company's data solutions contracts are accounted for as a single performance obligation due to the integrated nature of the Company's precise space-based data. ***In some data access contracts, the Company provides multiple project-based services to a customer, most commonly when a contract covers multiple phases of the Space Services solution (e.g., development, manufacturing, launch and satellite operations). In those cases, the Company accounts for each distinct project-based deliverable as a separate performance obligation and allocates the transaction price to each performance obligation based on its relative standalone selling price, which is generally estimated using cost plus a reasonable margin based on value added to the customer.***

The Company recognizes revenue when (or as) the performance obligation is satisfied, either over time or at a point in time. The Company has determined that each data access subscription provides a series of distinct services in which the customer simultaneously receives and consumes data. Therefore, for subscription-based data services, the Company recognizes revenue ratably over the subscription period. Revenue is recognized upon delivery for data products such as archive data and custom reports, which are performance obligations satisfied at a point in time upon transfer of control. For Space Services, control of the data typically is transferred at the time the customer gains access to the benefit of the service. If customer acceptance is required, revenue is recognized upon receipt of notice of customer acceptance, which is generally a short period of time after delivery. For certain project-based performance obligations (e.g., manufacturing and launch phases), revenue is recognized over time, using the output method, specifically contract milestones, which we have determined to be the most direct and reasonable measure of progress as they reflect the results achieved and value transferred to the customer.

19.     The FY23 10-K reported the following regarding the Company's internal controls over financial reporting:

 [O]ur management has concluded that our consolidated financial statements for the periods covered by and included in this Annual Report are ***prepared in accordance with accounting principles generally accepted in the United States ("GAAP") and fairly present, in all material respects, our financial position,*** results of operations and cash flows for each of the periods presented herein.

20.     On May 15, 2024, the Company announced its first quarter 2024 financial results in a press release for the quarter ended March 31, 2024 (the "1Q24 Press Release"). The 1Q24 Press Release reported the Company's financial results, stating in relevant part:

● First quarter 2024 ***revenue was $25.7 million,*** representing 6% year-over-year growth.

● ***First quarter 2024 U.S. generally accepted accounting principles ("GAAP") operating loss was $11.9 million, an 18% improvement year-over-year.*** First quarter 2024 non-GAAP operating loss was $7.0 million, a 28% improvement year-over-year.

● GAAP operating margin was (46%) and non-GAAP operating margin was (27%), each reflecting a 14-percentage point improvement year-over-year. The Company believes these results reflect its ongoing focus on cost control and drive towards profitability.

● ***First quarter 2024 net loss was $25.2 million,*** a 43% decline year-over-year, and adjusted EBITDA was negative $1.1 million, reflecting an 84% improvement year-over-year.

● As of March 31, 2024, the remaining ***performance obligations under contract not yet recognized as revenue was $195.7 million***. The Company expects to recognize approximately 42% of these future commitments over the next 12 months.

● ***During the first quarter of 2024, the Company raised gross proceeds of $40.0 million at an average price of $13.44 per share, which the Company believes positions it to re-finance its existing Blue Torch Capital loan*** to lower its cost of funding.

\*     \*     \*

**<u>Financial Outlook</u>**

Spire is providing the following guidance for the second quarter 2024 and is revising its guidance for the full year ending December 31, 2024:

7

| | Q2'24 Ranges | | FY'24 Ranges | |
|---|---|---|---|---|
| | Low | High | Low | High |
| Revenue (millions) | $ 29.0 $ | 33.0 | $ 122.0 $ | 132.0 |
| Y/Y Growth | 9 % | 25 % | 15 % | 25 % |
| Non-GAAP Operating (Loss) Income (millions) | $ (3.0) $ | 1.0 | $ (11.0) $ | (1.0) |
| Adjusted EBITDA (millions) | $ 2.0 $ | 5.0 | $ 7.0 $ | 15.0 |
| Non-GAAP Loss Per Share | $ (0.31) $ | (0.15) | $ (1.11) $ | (0.70) |
| Basic Weighted Average Shares  (millions) | 24.7 | 24.7 | 24.2 | 24.2 |

21.     On May 15, 2024, the Company submitted its quarterly report for the period ended March 31, 2024, on a Form 10-Q filed with the SEC, affirming the previously reported financial results. The report stated the following regarding the Company's internal controls over financial reporting:

> [O]ur management has concluded that our condensed consolidated financial statements for the periods covered by and included in this Quarterly Report are prepared in accordance with GAAP and ***fairly present, in all material respects, our financial position***, results of operations and cash flows for each of the periods presented herein.

22.     The above statements identified in ¶¶ 17-21 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.   Specifically, Defendants failed to disclose to investors: (1) that there were embedded leases of identifiable assets and pre-space mission activities for certain Space Services contracts; (2) that Spire Global lacked effective internal controls regarding revenue recognition for these contracts; (3) that, as a result, the Company overstated revenue for certain Space Services contracts; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## Disclosures at the End of the Class Period

23.     On August 14, 2024, after the market closed, the Company filed a notification of late filing on a Form NT 10-Q with the SEC, stating that it could not timely file its second quarter 2024 financial report. Specifically, the Company was "reviewing its accounting practices and

procedures with respect to revenue recognition" as it related to certain Space Services contracts and "related internal control matters." The Company stated, in relevant part:

> Spire Global, Inc. (the "Company") is unable to file its Quarterly Report on Form 10-Q for the quarter ended June 30, 2024 (the "Quarterly Report") within the prescribed time period without unreasonable effort and expense. The Company is in the process of *reviewing its accounting practices and procedures with respect to revenue recognition related to certain contracts in its "Space as a Service" business* (the "Contracts") under applicable accounting standards and guidance. *The re-evaluation relates to the potential existence of embedded leases of identifiable assets in the Contracts and the related recognition of revenue for pre-space mission activities.* The Company is also considering any *related internal control matters* associated with the Contracts. Due to this ongoing review, the preparation of the Company's condensed consolidated financial statements as of June 30, 2024 and for the three and six months ended June 30, 2024, will require additional time to complete. Depending upon the results of this review, the Company may be required to *restate or revise its previously issued financial statements*.

> \*          \*          \*

> While the Company's review is ongoing, at the time of filing this report, the type *of Contracts that the Company has identified for re-evaluation resulted in recognized revenue of approximately $10 to $15 million on an annual basis.* Depending on the results of the review, additional financial measures such as gross profit could also be impacted. However, the Company believes that the re-evaluation of its revenue recognition for these Contracts will not impact the Company's statements of cash flows for any period.

24.     On this news, the Company's share price fell $3.41 or 33.56%, to close at $6.75 per share on August 15, 2024, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Spire Global securities between March 6, 2024 and August 14, 2024, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate

families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Spire Global's shares actively traded on the New York Stock Exchange.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Spire Global shares were traded publicly during the Class Period on the New York Stock Exchange.  Record owners and other members of the Class may be identified from records maintained by Spire Global or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

        (a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Spire Global; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

30.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

31.     The market for Spire Global's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, Spire Global's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Spire Global's securities relying upon the integrity of the market price of the Company's securities and market information relating to Spire Global, and have been damaged thereby.

32.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Spire Global's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Spire Global's business, operations, and prospects as alleged herein.

33.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Spire Global's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

34.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

35.     During the Class Period, Plaintiff and the Class purchased Spire Global's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

36.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced

in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Spire Global, their control over, and/or receipt and/or modification of Spire Global's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Spire Global, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
### (FRAUD-ON-THE-MARKET DOCTRINE)

37.     The market for Spire Global's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Spire Global's securities traded at artificially inflated prices during the Class Period. On March 20, 2024, the Company's share price closed at a Class Period high of $17.47 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Spire Global's securities and market information relating to Spire Global, and have been damaged thereby.

38.     During the Class Period, the artificial inflation of Spire Global's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Spire Global's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of Spire Global and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted

in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

39. At all relevant times, the market for Spire Global's securities was an efficient market for the following reasons, among others:

(a) Spire Global shares met the requirements for listing, and was listed and actively traded on the New York Stock Exchange, a highly efficient and automated market;

(b) As a regulated issuer, Spire Global filed periodic public reports with the SEC and/or the New York Stock Exchange;

(c) Spire Global regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d) Spire Global was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

40. As a result of the foregoing, the market for Spire Global's securities promptly digested current information regarding Spire Global from all publicly available sources and reflected such information in Spire Global's share price. Under these circumstances, all purchasers of Spire Global's securities during the Class Period suffered similar injury through their purchase of Spire Global's securities at artificially inflated prices and a presumption of reliance applies.

41. A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972),

because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## <u>NO SAFE HARBOR</u>

42.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Spire Global who knew that the statement was false when made.

## **FIRST CLAIM**

**Violation of Section 10(b) of The Exchange Act and**

**Rule 10b-5 Promulgated Thereunder**

**Against All Defendants**

43.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

44.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Spire Global's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

45.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Spire Global's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

46.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Spire Global's financial well-being and prospects, as specified herein.

47.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Spire Global's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Spire Global and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

48.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these Defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these Defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

49.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Spire Global's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

50.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Spire Global's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Spire Global's securities during the Class Period at artificially high prices and were damaged thereby.

51.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems

that Spire Global was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Spire Global securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

52.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against the Individual Defendants

54.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

55.     Individual Defendants acted as controlling persons of Spire Global within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were

issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

57.     As set forth above, Spire Global and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated:  August 20, 2024

*/s/  Paul M. Falabella*
**BUTLER CURWOOD PLC**
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com
       craig@butlercurwood.com

*Local Counsel for Plaintiff Michal Bousso*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay*
Charles H. Linehan*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Rebecca Dawson*
745 5th Avenue, 5th Floor
New York, NY 10151
Telephone: (212) 935-7400
Facsimile: (212) 884-0988

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz*
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007

*\*Pro Hac Vice Applications forthcoming*

*Counsel for Plaintiff Michal Bousso,*
*Individually and on Behalf of All Others*
*Similarly Situated*

**SWORN CERTIFICATION OF PLAINTIFF**

**SPIRE GLOBAL, INC. SECURITIES LITIGATION**

I, Michal Bousso, certify that:

1.  I have reviewed the Complaint, adopt its allegations, and authorize the filing of a Lead Plaintiff motion on my behalf.

2.  I did not purchase the Spire Global, Inc. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.  I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.  My transactions in Spire Global, Inc. securities during the Class Period set forth in the Complaint are as follows:

    (See attached transactions)

5.  I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6.  I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

8/19/2024
_____
Date

_____
Michal Bousso

**Michal Bousso's Transactions in Spire Global, Inc. (SPIR)**

| Date | Transaction Type | Quantity | Unit Price |
|------|------------------|----------|------------|
| 8/9/2024 | Bought | 10,000 | $10.5100 |