**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA, <br><br> Defendants. | Case No. 1:24-cv-01458-MSN-WEF |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA, <br><br> Defendants. | Case No. 1:24-cv-01810-MSN-LRV |

**MEMORANDUM OF LAW IN SUPPORT OF MICHAL BOUSSO'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

Michal Bousso ("Bousso") respectfully submits this memorandum of law in support of her motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Bousso as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Bousso's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Butler Curwood PLC ("Butler Curwood") as Local

1

Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities that purchased or otherwise acquired Spire Global, Inc. ("Spire" or the "Company") securities between May 11, 2022, and August 27, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Bousso believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Bousso satisfies the relevant requirements of Rule 23 as her claims are typical of other class members' claims and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Bousso respectfully submits that she is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Bousso's selection of GPM as lead counsel for the class and Butler Curwood as local counsel should be approved because GPM has substantial expertise in securities class actions and Butler Curwood has substantial experience in this District, and the firms together have the experience and resources necessary to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Spire is a provider of satellite data, analytics and services. The Company operates a proprietary constellation of multi-purpose nanosatellites and provides subscription access to its data for a range of commercial applications such as shipping vessel monitoring, aviation guidance, and weather forecasting. The Company's offering also includes "Space Services" which allows customers to deploy their own applications and sensors via satellite.

On August 14, 2024, after the market closed, the Company announced it would be unable to timely file its second quarter 2024 financial report as the Company was "reviewing its accounting practices and procedures with respect to revenue recognition" regarding certain Space Services contracts and "related internal control matters." The Company disclosed the "type of Contracts that the Company has identified for re-evaluation resulted in recognized revenue of $10 to $15 million on an annual basis" and "additional financial measures such as gross profit could also be impacted."

On this news, the Company's share price fell $3.41 or 33.56%, to close at $6.75 per share on August 15, 2024, on unusually heavy trading volume.

The complaint filed in this action alleges that throughout the Class Period, the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that there were embedded leases of identifiable assets and pre-space mission activities for certain Space Services contracts; (2) that Spire Global lacked effective internal controls regarding revenue recognition for these contracts; (3) that, as a result, the Company overstated revenue for certain Space Services contracts; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

## III.  PROCEDURAL BACKGROUND

On August 20, 2024, Plaintiff Michal Bousso commenced a securities fraud class action against Spire and certain of its officers, captioned *Bousso v. Spire Global, Inc.*, No. 1:24-cv-01458-MSN-WEF (the "*Bousso* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired Spire securities between March 6, 2024 and August 14, 2024, inclusive.

On October 14, 2024, Plaintiff Kohei Tagawa commenced a similar action, captioned *Tagawa v. Spire Global, Inc.*, No. 1:24-cv-01810-MSN-LRV (the "*Tagawa* Action," and together with the *Bousso* Action, the "Related Actions"). The *Tagawa* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired Spire securities between May 11, 2022 and August 27, 2024, inclusive.

## IV.  ARGUMENT

### A.  The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. Both of the Related Actions presents similar factual and legal issues, as they both involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.      Bousso Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Bousso satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Bousso has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Bousso is not aware of any unique defenses Defendants could raise against her that would render her inadequate to represent the class. Accordingly, Bousso respectfully

submits that she should be appointed lead plaintiff. *See Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 657-58 (E.D. Va. 2016).

### 1.  Bousso Filed a Complaint and a Timely Motion

Bousso filed a complaint in this action and has made a timely motion in response to a PSLRA notice. On August 20, 2024, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Paul M. Falabella in Support of Michal Bousso's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Falabella Decl."), Ex. A. Therefore, Bousso had sixty days (*i.e.*, until October 21, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Spire securities during the Class Period, Bousso is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in her PSLRA certification, Bousso attests that she has reviewed the complaint and is willing to serve as a representative of the class. *See* Dkt. No. 17. Accordingly, Bousso satisfies the first requirement to serve as lead plaintiff for the class.

### 2.  Bousso Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Bousso believes that she has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Bousso suffered substantial financial losses of approximately $23,130.89. *See* Falabella Decl., Ex. B. To the best of her knowledge, Bousso is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Bousso believes she has the "largest financial interest

in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *Knurr*, 220 F. Supp. 3d at 658.

### 3. Bousso Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). "To establish that the requirements of Rule 23 are satisfied, the candidate must make at least a preliminary showing that it has claims which are typical of those of the putative class and that it has the capacity to provide adequate representation for others." *Kiken v. Lumber Liquidators Holdings, Inc.*, No. 13-cv-157, 2014 WL 12588686, at *2 (E.D. Va. May 14, 2014) (internal quotation marks and citation omitted). "[T]her inquiry is not as searching as the one triggered by a motion for class certification." *Id.* (internal quotation marks and citation omitted).

#### a) Bousso's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id* (citing *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000)).

Bousso's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Bousso alleges that Defendants' material misstatements and omissions concerning Spire's business, operations, and financial prospects violated the federal securities laws. Bousso, like all members of the class, purchased Spire securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Bousso's interests and claims are "typical" of the interests and claims of the class.

### b) Bousso Is an Adequate Representative

A person is an adequate representative of the class: "where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *Kiken*, 2014 WL 12588686, at *2 (citing *MicroStrategy*, 110 F. Supp. 2d at 435-36).

Bousso has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and her financial losses ensure that she has sufficient incentive to provide vigorous advocacy. *See* Falabella Decl., Ex. B. Bousso is also not aware of any conflict between her claims and those asserted on behalf of the class. As such, Bousso is well-equipped to represent the class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Bousso has retained GPM as lead counsel and Butler Curwood as local counsel to pursue this litigation on her behalf and will retain the firms as the class's counsel in the event she is appointed lead plaintiff. GPM has decades of experience in securities class actions and has successfully prosecuted numerous actions on behalf of injured investors, as reflected by the firm's résumé attached to the Falabella Declaration as Exhibit C.

Butler Curwood has extensive experience in this District. Butler Curwood's partners have litigated hundreds of cases in the U.S. District Court for the Eastern District of Virginia. The partners at Butler Curwood have successfully litigated numerous complex, multi-plaintiff and collective/class actions in the Eastern District of Virginia, Richmond Division. *See e.g.*, *Rogers et al. v. City of Richmond*; 3:11-cv-620-HEH-DJN; *Greene et al. v. U.S. Postal Service*; 3:17-cv-26-REP; *Ewers et al. v. City of Petersburg*, 3:16-cv-29-HEH-RCY. Butler Curwood has also served as local counsel, working closely with lead counsel admitted in other jurisdictions, in complex, multi-plaintiff cases pending in the Eastern District of Virginia. *See e.g., Hall et al. v. Dominion Energy, Inc. et al.*, 3:18-cv-321-JAG, *Edwards et al. v. Optima Health Plan et al.*, 2:20-cv-192-RCY-LRL. Finally, the attorneys of Butler Curwood have experience serving in a liaison/local counsel role in financial litigation such as this matter. *See In re Altria Group, Inc. Derivative Litigation,* 3:20-cv-00772-DJN, 339 F.R.D. 42 (E.D. Va. 2021) (appointing Butler Curwood, PLC as liaison counsel), *In re Comscore, Inc. Virginia Shareholder Derivative Litigation*, CL-2016-9465 (Fairfax Cir. Ct.). Butler Curwood's experience with this Court along with their depth in complex litigation and the local/liaison counsel experience all support appointment of Butler Curwood as local counsel in this Action.

 The Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.     CONCLUSION

For the foregoing reasons, Michal Bousso respectfully requests that the Court grant her Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Bousso as Lead Plaintiff; (3) approving her selection of Glancy Prongay & Murray LLP as Lead Counsel and Butler Curwood PLC as Local Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 21, 2024

**BUTLER CURWOOD PLC**

By:  /s/ Paul M. Falabella
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com
          craig@butlercurwood.com

*Local Counsel for Michal Bousso*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Michal Bousso and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to counsel of record.

_/s/ Paul M. Falabella_
Paul M. Falabella (VSB No. 81199)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com