UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA,<br><br>Defendants. | Case No.  1:24-cv-01458-MSN-WEF |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA,<br><br>Defendants. | Case No.  1:24-cv-01810-MSN-LRV |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WOJCIECH
SOKOLOWSKI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT.......................................................................................................................... 5

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...................................... 5

II.     SOKOLOWSKI SHOULD BE APPOINTED LEAD PLAINTIFF................................. 7

        A.      Sokolowski Is Willing to Serve as Class Representative and Has Timely Filed
                This Motion to Be Appointed Lead Plaintiff. ......................................................... 8

        B.      Sokolowski Has the "Largest Financial Interest." .................................................. 8

        C.      Sokolowski Otherwise Satisfies the Requirements of Rule 23............................. 9

        D.      Sokolowski Will Fairly and Adequately Represent the Interests of the Class
                and Is Not Subject to Unique Defenses. .............................................................. 11

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......... 12

CONCLUSION..................................................................................................................... 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chamblee v. Terraform Power, Inc.*,
No. PX 16-981, 2016 U.S. Dist. LEXIS 98619 (D. Md. July 28, 2016) ..................................10

*Hirtenstein v. Cempra, Inc.*,
Nos. 1:16cv1303 *et al.*, 2017 U.S. Dist. LEXIS 103799 (M.D.N.C. July 5, 2017) ...............................................................................................................................10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)...................................................................................................9

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..............................................................................................................9

*In re Microstrategy Sec. Litig.*,
110 F. Supp. 2d 427 (E.D. Va. 2000) ...................................................................................12

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................9

*Johnson v. Pozen, Inc.*,
No. 1:07CV599, 2008 U.S. Dist. LEXIS 12004 (M.D.N.C. Feb. 15, 2008) ..........................10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) .........................................................................................12

*Lax v. First Merchants Acceptance Corp.*,
Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ....................8, 9

*Luongo v. Desktop Metal, Inc.*,
No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570 (D. Mass. July 7, 2022) ...............................................................................................................................6

*Maliarov v. Eros Int'l PLC*,
No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082 (S.D.N.Y. Apr. 5, 2016) ...............................................................................................................................6

*Palm Tran, Inc. v. Emergent Biosolutions Inc.*,
No. PWG-21-955, 2021 Dist. LEXIS 244894 (D. Md. Dec. 23, 2021)....................................9

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
256 F.R.D. 620 (E.D. Wis. 2009) ..........................................................................................7

ii

*Rice v. Genworth Fin. Inc.*,
   No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110 (E.D. Va. Aug. 25, 2017) ..............................10

*Tchatchou v. India Globalization Capital, Inc.*,
   No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329 (D. Md. Feb. 28,
   2019) ..........................................................................................................................................9

*Zaltzman v. Manugistics Grp., Inc.*,
   Civ. No. S-98-1881, 1998 U.S. Dist. LEXIS 22867 (D. Md. Oct. 8, 1998) ..............................5

**Statutes**

15 U.S.C. §78j(b) ...........................................................................................................................6

15 U.S.C. §78t(b) ...........................................................................................................................6

15 U.S.C. § 78u-4 ............................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .................................................................. *passim*

**Rules**

17 C.R.F. § 240.10b-5 ...................................................................................................................6

Fed. R. Civ. P. 23.................................................................................................................2, 7, 9, 10

Fed. R. Civ. P. 42..................................................................................................................1, 2, 5, 6

iii

Wojciech Sokolowski (a/k/a Voytek Sokolowski) ("Sokolowski") respectfully submits this memorandum of law in support of his motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Sokolowski as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Spire Global, Inc. ("Spire Global" or the "Company") securities between March 6, 2024 and August 14, 2024, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class.[1]

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Spire Global investors, including Sokolowski, incurred significant losses following the disclosure of the alleged fraud,

---

[1] On August 20, 2024, the first-filed of the Related Actions was filed in this Court, styled *Bousso v. Spire Global, Inc. et al.*, No. 1:24-cv-01458 (the "*Bousso* Action"), alleging a class period including persons and entities that purchased or otherwise acquired Spire Global securities between March 6, 2024 and August 14, 2024, inclusive. *See* Dkt. No. 1 ¶ 1. Then, on October 14, 2024, ***just one week*** prior to the statutory deadline to seek appointment as lead plaintiff under the PSLRA, the second-filed of the Related Actions, styled *Tagawa v. Spire Global, Inc. et al.*, No. 1:24-cv-01810 (the "*Tagawa* Action"), was filed in this Court alleging substantially the same wrongdoing as the *Bousso* Action against overlapping defendants, and alleging a larger class period including persons and entities that purchased or otherwise acquired Spire Global securities between May 11, 2022 and August 27, 2024, inclusive. *See Tagawa* Action, Dkt. No. 1 ¶ 1. However, Sokolowski respectfully submits that because putative class members were not afforded sufficient time to review the claims or class period of the *Tagawa* Action, financial interest in the Related Actions should be calculated pursuant to the class period alleged in the *Bousso* Action, the only properly noticed action.

which caused Spire Global's share price to fall sharply, damaging Sokolowski and other Spire Global investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange Act by overlapping defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Sokolowski purchased or otherwise acquired 30,485.195465 shares of Spire Global common stock and 2 Spire Global options contracts, expended $318,218 on these purchases, retained 8,727.680790125 of his shares of Spire Global common stock, and, as a result of the disclosure of the alleged fraud, incurred losses of approximately $34,874 calculated on a first-in, first-out ("FIFO") basis, or $36,768 calculated on a last-in, first-out ("LIFO") basis, in connection with his Class Period transactions in Spire Global securities. *See* Declaration of Steven J. Toll in Support of Motion ("Toll Decl."), Exhibits ("Exs.") A-B. Sokolowski is unaware of any other movant with a greater financial interest in the relief sought during the Class Period in this litigation. Beyond his considerable financial interest, Sokolowski also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute this litigation on behalf of the Class, Sokolowski has selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison

2

Counsel for the Class. These firms and their attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Sokolowski respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Sokolowski as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

### STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, Spire Global is a provider of satellite data, analytics, and services. The Company operates a proprietary constellation of multi-purpose nanosatellites and provides subscription access to its data for a range of commercial applications such as shipping vessel monitoring, aviation guidance, and weather forecasting. The Company's offering also includes "Space Services" which allows customers to deploy their own applications and sensors via satellite.

During the Class Period, Defendants repeatedly assured investors that Spire Global's financial statements, including without limitation revenue recognition, were prepared in conformity with applicable accounting rules and that the Company's internal controls over financial reporting were adequate.

But, on August 14, 2024, after the market closed, the Company announced it would be unable to timely file its second quarter 2024 financial report as the Company was "reviewing its accounting practices and procedures with respect to revenue recognition" regarding certain Space Services contracts and "related internal control matters." The Company disclosed the "type of Contracts that the Company has identified for re-evaluation resulted in recognized revenue of $10 to $15 million on an annual basis" and "additional financial measures such as gross profit could

3

also be impacted."

On this news, the Company's share price fell $3.41, or 33.56%, to close at $6.75 per share on August 15, 2024, on unusually heavy trading volume.

Then, after the market closed on August 27, 2024, the Company announced that investors should no longer rely on its previously issued financial statements beginning with its financial statements for the quarter ended March 31, 2022, originally released on May 11, 2022. The Company revealed the need to restate its financial statements as of and for (a) the quarters and nine months ended September 30, 2022 and 2023, (b) the quarters and six months ended June 30, 2022 and 2023, (c) the quarters ended March 31, 2022, 2023, and 2024, and (d) the years ended December 31, 2022 and 2023. The Company said that it needed "to remove certain pre-space mission activity revenue," and "record that revenue over the period in which data is delivered."

On this news, the Company's share price fell $0.12 or about 2%.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that there were embedded leases of identifiable assets and pre-space mission activities for certain Space Services contracts; (2) that Spire Global lacked effective internal controls regarding revenue recognition for these contracts; and (3) that, as a result, the Company overstated revenue for certain Space Services contracts. Likewise, throughout the Class Period, Defendants made false and misleading statements and failed to disclose to investors that, since Spire Global's quarter ended March 31, 2022, the Company: (1) filed financial statements that were not prepared in conformity with generally accepted accounting principles including, without limitation, principles applicable to proper revenue recognition; (2) filed Sarbanes-Oxley certifications falsely claiming that: (a)

4

Spire's financial statements did not contain untrue statements of material facts or omitted to state material facts necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the periods covered its financial reports; and (b) had disclosure controls and procedures and internal control over financial reporting that did not provide reasonable assurance regarding the reliability of its financial reporting and the preparation of financial statements for external purposes; and (3) faced the likelihood of having to restate its financial statements to remove certain previously recorded pre-space mission activity revenue from the period in which pre-space mission activities were performed under certain contracts, and instead, record that revenue over the period in which data is delivered. As a result of all the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Sokolowski and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Zaltzman v. Manugistics Grp., Inc.*, Civ. No. S-98-1881, 1998 U.S. Dist. LEXIS 22867, at *5 (D. Md. Oct. 8, 1998) ("Securities

5

actions provide particularly compelling opportunities for consolidation when the complaints are based on the same public statements and reports." (citations and quotation marks omitted)).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Each of the Related Actions has been filed in this District, alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by overlapping defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Rule 42(a) for all purposes. However, because putative class members were not afforded sufficient time to review the claims or class period of the *Tagawa* Action, Sokolowski respectfully submits that financial interest in the Related Actions, regardless of consolidation, should be calculated pursuant to the class period alleged in the *Bousso* Action, the only properly noticed action. *See, e.g.*, *Luongo v. Desktop Metal, Inc.*, No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, at *5-8 (D. Mass. July 7, 2022) (recognizing "[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest" and rejecting the longer class period alleged in a later-filed action "for purposes of determining the lead plaintiff in the consolidated action" (internal quotation marks and citation omitted)); *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082, at *12 (S.D.N.Y. Apr. 5, 2016) ("The Court is hesitant to encourage lead plaintiff movants to file complaints with additional disclosure allegations in the eleventh hour, thereby precluding

6

similarly-situated potential movants from identifying themselves to the Court."); *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination").

## II.    SOKOLOWSKI SHOULD BE APPOINTED LEAD PLAINTIFF

Sokolowski should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

7

As set forth below, Sokolowski satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Sokolowski Is Willing to Serve as Class Representative and Has Timely Filed This Motion to Be Appointed Lead Plaintiff.

On August 20, 2024, counsel for plaintiff in the first-filed of the Related Actions, the *Bousso* Action, caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Spire Global and other defendants, and advising investors in Spire Global securities that they had 60 days from the date of the Notice's publication—*i.e.*, until October 21, 2024—to file a motion to be appointed as Lead Plaintiff.  *See* Toll Decl., Ex. C.

Sokolowski has timely filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. B.  Accordingly, Sokolowski satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Sokolowski Has the "Largest Financial Interest."

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Sokolowski has the largest financial interest of any Spire Global investor or investor group with claims in the Class Period seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also

8

referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted and applied by courts in the Fourth Circuit. *See, e.g.*, *Palm Tran, Inc. v. Emergent Biosolutions Inc.*, No. PWG-21-955, 2021 Dist. LEXIS 244894, at *11-12 (D. Md. Dec. 23, 2021); *Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *11-12 (D. Md. Feb. 28, 2019).

During the Class Period, Sokolowski: (1) purchased or otherwise acquired 30,485.195465 shares of Spire Global common stock and 2 Spire Global options contracts; (2) expended $318,218 on his transactions in Spire Global securities; (3) retained 8,727.680790125 of his shares of Spire Global common stock; and (4) as a result of the disclosure of the fraud, incurred losses of approximately $34,874 calculated on a FIFO basis, or $36,768 calculated on a LIFO basis, in connection with his Class Period transactions in Spire Global securities. *See* Toll Decl., Exs. A-B. To the extent that Sokolowski possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**C.    Sokolowski Otherwise Satisfies the Requirements of Rule 23.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

In determining whether a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-25 (E.D.N.Y. Mar. 2, 2007).

Instead, at this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Chamblee v. Terraform Power, Inc.*, No. PX 16-981, 2016 U.S. Dist. LEXIS 98619, at *4-5 (D. Md. July 28, 2016); *Hirtenstein v. Cempra, Inc.*, Nos. 1:16cv1303 *et al.*, 2017 U.S. Dist. LEXIS 103799, at *8-9 (M.D.N.C. July 5, 2017).

"The typicality requirement of [Rule 23] requires that a Lead Plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 U.S. Dist. LEXIS 12004, at *5 (M.D.N.C. Feb. 15, 2008). Sokolowski's claims are typical of those of the Class. Sokolowski alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Spire Global. Sokolowski, like other Class members, purchased or otherwise acquired Spire Global securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Spire Global's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Pozen*, 2008 U.S. Dist. LEXIS 12004, at *5; *see also Rice v. Genworth Fin. Inc.*, No. 3:17cv59, 2017 U.S. Dist. LEXIS 137110, at *19-20 (E.D. Va. Aug. 25, 2017). Here, as set forth in greater detail below, in Pomerantz and Cohen Milstein, Sokolowski has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the

10

Related Actions, and submits his choice of Pomerantz and Cohen Milstein to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz and Cohen Milstein, Sokolowski is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation which is not seeking appointment or a role as lead or liaison counsel.  There is no evidence of antagonism or conflict between Sokolowski's interests and those of the Class, and Sokolowski has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Toll Decl., Ex. B). Moreover, Sokolowski's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Sokolowski has submitted a signed Declaration attesting to, *inter alia*, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

> **D.     Sokolowski Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses.**

The presumption favoring Sokolowski's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

> (aa)     will not fairly and adequately protect the interests of the class; or

> (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

11

Sokolowski's ability and desire to fairly and adequately represent the Class has been discussed above. Sokolowski is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Sokolowski should be appointed Lead Plaintiff for the Class.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources[.]"); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Sokolowski has selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Toll Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest

12

settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

Likewise, Cohen Milstein is well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S. institutional investors who have been the victims of securities fraud. By applying innovative legal theories and litigation strategies, it has recovered billions of dollars for its clients in some of the largest and most complex securities class actions. Significant securities settlements obtained by Cohen Milstein, acting as lead or co-lead counsel, include a $1 billion recovery last year in a securities class action against Wells Fargo & Co., the seventeenth largest securities class action recovery in U.S. history (*In re Wells Fargo & Co. Sec. Litig.*, No. 1:20-cv-04494-JLR-SN (S.D.N.Y.)); a $500 million settlement in the Countrywide mortgage-backed securities ("MBS") class action (*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 10-cv-00302-MRPMAN (C.D. Cal.)); a $275 million settlement in an MBS class action against the Royal Bank of Scotland (*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*, No. 08-cv-05310-DAB-HBP (S.D.N.Y.)); $335 million in settlements in a class action against Residential Accredit Loans, Inc. and various investment banks (*New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781 (HB) (S.D.N.Y.)); and a $90 million settlement in a class action against MF Global (*Rubin v. MF Global, Ltd.*, No. 08-cv-2233 (VM) (S.D.N.Y.)), among others. *See* Toll Decl., Ex. F. Cohen Milstein's attorneys have experience in achieving substantial recoveries in

13

class actions, and they have extensive familiarity with the Local Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Sokolowski's counsel, Pomerantz and Cohen Milstein, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this litigation effectively and expeditiously.  Thus, the Court may be assured that by approving Sokolowski's selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Sokolowski respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Sokolowski as Lead Plaintiff for the Class; and (3) approving Sokolowski's selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated:  October 21, 2024                    Respectfully submitted,

**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
(*pro hac vice* application forthcoming)
S. Douglas Bunch
(*pro hac vice* application forthcoming)
1100 New York Avenue, N.W. Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

14

*Counsel for Lead Plaintiff Movant Wojciech Sokolowski and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Wojciech Sokolowski and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Wojciech Sokolowski*

15