**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA, <br><br> Defendants. | Case No. 1:24-cv-01458-MSN-WEF <br><br> **RESPONSE IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT KOHEI TAGAWA AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA, <br><br> Defendants. | Case No. 1:24-cv-01810-MSN-LRV |

## I.    INTRODUCTION

A review of the three competing lead plaintiff motions reveals that movant Kohei Tagawa ("Movant") is the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

***First***, Movant claims the largest financial interest on his transactions in Spire Global securities during the longest alleged class period of May 11, 2022 and August 27, 2024, as alleged in the *Tagawa* Complaint. *See, e.g., Miami Police Relief & Pension Fund v. Fusion-io, Inc*., 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead  plaintiff, the longest class period governs.").

Movant Wojciech Sokolowski ("Sokolowski") advocates for the Court to reject the class period alleged in *Tagawa* and instead adopt the much shorter class period alleged in the *Bousso* complaint, March 6, 2024 through August 14, 2024, inclusive. ECF No. 26 at p. 1. But Sokolowski's argument runs counter to the prevailing view that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated. *See Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018) (collecting cases). Moreover, Sokolowski provides no reasoning as to why the Court, at this early stage, should confine the class period to just the five-month purchase window alleged in *Bousso*. *Eichenholtz v. Verifone Holdings, Inc*., 2008 WL 3925289, at *8 (N.D. Cal. Aug. 22, 2008) ("Though a shorter class period may simplify the litigation, no benefits accrue by shortening the class period at this stage in the litigation."). Moreover, the *Tagawa* Complaint pleads facts plausibly inferring that Defendants misled investors about the true state of Spire Global's business, operations and prospects for a period much longer than five months, and beginning as early as May 11, 2022. *See infra* at § II.A.

*Second*, Movant also made a *prima facie* showing of typicality and adequacy. Here, like other class members, Movant's claims raise the common question of whether Defendants made material misrepresentations that artificially inflated the price of the Company's securities. Moreover, Movant has demonstrated his adequacy given his significant financial stake and ability to zealously prosecute the class's claims.

Having satisfied these two steps, Movant is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Movant is inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Movant is somehow unfit to represent the Class. Accordingly, the Court should appoint Movant Lead Plaintiff and approve the choice of counsel.

## II.    ARGUMENT

### A.    The Court Should Reject Sokolowski's Attempt to Reduce the Class's Damages

In his opening brief, Sokolowski argues that the Court should ignore the well-pled allegations of the *Tagawa* complaint and evaluate movant losses based on the shorter alleged class period in the *Bousso* complaint. ECF No. 26 at 1, n.1. But Sokolowski's attempt to curtail the class's recovery misses the mark, as the lead plaintiff proceedings to date and the allegations in the *Tagawa* complaint confirm.

*First*, Sokolowski's attempt conflicts with the other competing movants' position and case law. Both of the competing movants embrace the *Tagawa* Complaint's class definition. *See* ECF No. 23 at 2 (Bousso accepting longest class period), ECF No. 20 at 1 (Tagawa accepting longest class period). Notably, the proponent of the longer *Tagawa* class period include movant Michal Bousso, whose counsel Glancy Prongay & Murray LLP drafted and filed the initial *Bousso* complaint. In accordance with this position, the case law throughout the country overwhelmingly supports the rule that "[f]or purposes of appointing a lead plaintiff, the longest class period

governs." *Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3.[1]  "This approach is guided by the belief that the class 'should be defined as the broadest, most inclusive potential class'" at the lead plaintiff stage because it is the earliest stage in the litigation and occurs without the defendants' participation. *MabVax Therapeutics Holdings*, 2018 WL 4252345, at *4 (quoting *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624–25 (E.D. Wis. 2009)); *see also*, *Oakland Cnty. Voluntary Emps. Beneficiary Ass'n v. Generac Holdings Inc.*, 2023 WL 9511520, at *3 (E.D. Wis. May 30, 2023) (this "approach respects the PSLRA's command to identify 'the broadest, most inclusive potential class.'").

*Second*, Sokolowski fails to articulate why the Court should reject the general practice and use the shorter *Bousso* class period. Instead, Sokolowski simply observes "putative class members were not afforded sufficient time to review the claims or class period of the *Tagawa* Action." ECF No. 26 at 6.  But pursuant to the PSLRA, courts consistently credit allegations filed within the sixty-day notice period. *See MGIC Inv. Corp.*, 256 F.R.D. at 624 (adopting *MGIC* approach to consider whether allegations supporting the longest noticed class period are "obviously

---

[1] *See also Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774, at *4 (N.D. Tex. Apr. 25, 2016) (adopting longest class period); *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class.") (collecting cases); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *4 (S.D. Fla. Apr. 18, 2008) (adopting longest class period and noting that "[n]arrowing the class period is more appropriate at a later stage of litigation, with participation from the Defendant"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . ."); *In re Star Gas Sec. Litig.*, 2005 WL 818617, at * 7 (D. Conn. Apr. 8, 2005) (finding that "it would be premature" to use a shortened class period at the lead plaintiff stage, and that the "appointed lead plaintiffs can decide how to frame their amended complaint in terms of an appropriate class period in their best judgment").

frivolous"). Reopening the notice period, as Sokolowski suggests, would only lead to delay in the prosecution of the merits.

*Finally*, the alleged August 27, 2024 corrective disclosure further supports adoption of the longest class period, as opposed to the short five-month period in *Bousso*. On August 27, 2024, Spire filed a Form 8-K with the SEC admitting that problems with its previously filed financial statements went back to its 1Q22 Report originally released on May 11, 2022 and advised investors that they should no longer rely on previously filed 1Q22, 2Q22, 3Q22, FY22, 1Q23, 2Q23, 3Q23, FY23, and 1Q24 Report. *Tagawa* Complaint at ¶ 47.

Sokolowski's cited cases are inapposite. ECF No. 26 at 6, citing *Luongo v. Desktop Metal, Inc.*, 2022 WL 2532498, at *2 (D. Mass. July 7, 2022) and *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *4 (S.D.N.Y. Apr. 5, 2016). In those cases, the plausibility of the longer alleged class period was challenged by the competing movants. Here, none of the movants questions the merits of the alleged August 27 disclosure. Accordingly, at this early stage of the litigation, the Court should adopt the longest class period. Here, Movant claims the largest financial interest under the longest class period.

**B.    Movant also Satisfies the Typicality and Adequacy Requirements of Rule 23**

Movant also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in Movant's moving papers, Movant is a typical class representative. Here, like all other Class members, Movant: (1) purchased Spire Global securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed. "Because of shared claims based on similar legal theory and events, [Movant] satisfies the typicality requirement." *Lechner v. InfuSystem Holdings, Inc.*, 2017 WL 5640523, at *4 (C.D. Cal. Feb. 17, 2017).

Movant similarly satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Movant has a substantial financial stake in the litigation as well as the incentive and ability to vigorously pursue the Class's claims. Further, Movant's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and the Class. Finally, Movant's selected counsel, Hagens Berman, is highly experienced in securities litigation. *See* Gilmore Decl., Ex. F (ECF No. 21-6).

Because there are no facts, let alone proof suggesting Movant is inadequate or atypical, the Court should appoint Movant as lead plaintiff.

**C.    Hagens Berman Should Be Appointed Lead Counsel**

Movant's counsel, Hagens Berman, readily satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class. Hagens Berman has also previously prosecuted a number of similar securities fraud class actions and has been successful. *See id.* at pages 53-55. Because Hagens Berman has demonstrated its competency to represent the class, the Court should appoint Hagens Berman as lead counsel.

### III.    CONCLUSION

For the reasons discussed above and in the opening brief (ECF No. 20), Movant respectfully requests that the Court consolidate the related actions, appoint him Lead Plaintiff, and approve the selection of Hagens Berman as Lead Counsel for the Class.

Dated: November 4, 2024                    **HIRSCHLER FLEISCHER, PC**

By:    */s/ Wayne G. Travell*
Wayne G. Travell (Bar No. 22400)
Allison P. Klena (Bar No. 96400)
1676 International Drive, Suite 1350

Tysons, VA 22102
Telephone: (703) 584-8903
Facsimile: (703) 584-8901
Email: wtravell@hirschlerlaw.com
       aklena@hirschlerlaw.com

*Liaison Counsel for Plaintiff and Movant Kohei Tagawa*

Lucas E. Gilmore*, pro hac vice application pending*
(Cal. Bar No. 250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: lucasg@hbsslaw.com

*Attorneys for Plaintiff and Movant Kohei Tagawa*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2024, a true and correct copy of the foregoing document was filed electronically with the clerk of this Court using the CM/ECF system, in accordance with Local Rules, which will send a notice of electronic filing to all registered users.

*/s/ Wayne G. Travell*

Wayne G. Travell (Bar No. 22400)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, VA 22102
Telephone: (703) 584-8903
Facsimile: (703) 584-8901
Email: wtravell@hirschlerlaw.com

*Liaison Counsel for Plaintiff and Movant Kohei Tagawa*