**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA,<br><br>Defendants. | Case No. 1:24-cv-01458-MSN-WEF |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA,<br><br>Defendants. | Case No. 1:24-cv-01810-MSN-LRV |

**MICHAL BOUSSO'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

1

Plaintiff and Lead Plaintiff Movant Michal Bousso ("Bousso") submits this memorandum of law in opposition to the two other motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 19, 25).[1]

## I.    INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Bousso (Dkt. No. 22); Kohei Tagawa ("Tagawa") (Dkt. No. 19); and Wojciech Sokolowski ("Sokolowski") (Dkt. No. 25).

With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Bousso has the largest financial interest in the relief sought by the class. Courts in this Circuit generally rely on the four-factor *Lax* test to determine financial interest, which weighs: (1) the gross number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4)

---

[1] Since no movant contests consolidation of the above-captioned actions, only appointment of lead plaintiff and approval of counsel are addressed herein.

the approximate losses suffered. Here, Bousso purchased more shares than any other movant during the class period, both net and gross. Bousso also has the largest net expenditure during the class period. Since three of the four factors weigh in Bousso's favor, she has the largest financial interest. Because she is also typical and adequate and filed a timely motion, Bousso is the presumptively most adequate plaintiff to be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Bousso is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Bousso should be appointed lead plaintiff, and her selection of lead counsel should be approved.[2]

## II. BOUSSO IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF BECAUSE SHE HAS THE LARGEST FINANCIAL INTEREST

Bousso satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, Bousso filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 22; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Bousso satisfies the requirements of Rule 23, as demonstrated in her memorandum of law in support of its lead plaintiff motion. *See* Dkt. No. 23; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Bousso has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### A. The Four *Lax* Factors Are The Best Measure Of Financial Interest

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, courts in this Circuit and

---

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

nationwide generally apply the "four-factor test (the *Lax* factors): (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. 21-cv-1189, 2021 WL 6072812, at *4 (D. Md. Dec. 23, 2021).[3]

Courts in this District have similarly considered the movants' losses and shares purchased to compare financial interests. *See Rice v. Genworth Fin. Inc.*, No. 17-cv-59, 2017 WL 3699859, at *7 (E.D. Va. Aug. 25, 2017) (holding "IUOE holds the largest financial interest in the litigation," because "IUOE holds 39,153 shares" while "Rice and James collectively own 17,223 shares"); *In re Mills Corp.*, No. 06-cv-77, 2006 WL 2035391, at *3 (E.D. Va. May 30, 2006) (holding "State Systems has the largest financial interest in this matter" in part because "State Systems purchased 147,033 more shares . . . than it sold" while "MPRI was [] a net seller of 6,943 shares"); *In re Cable & Wireless, PLC Sec. Litig.*, 217 F.R.D. 372, 376 (E.D. Va. 2003) (considering the "'number of net shares purchased during the class period' coupled with the losses suffered by selling shares during the class period") (citation omitted).

Some courts, including at least one in this District, have held that the second factor—net shares purchased—is determinative of financial interest. *See Genworth Financial*, 2017 WL 3699859, at *7 (appointing the movant with the most net shares purchased); *In re Network Assocs.,*

---

[3] When evaluating financial, interest, Court's typically use the longer class period. *See id.*, at *4 ("courts generally adopt the longest and most inclusive of the possible class periods for the purposes of assessing financial interest"). Moreover, to calculate losses, there is a growing trend nationwide to exclude "in-and-out transactions." *See, e.g.*, *Leavitt v. Alnylam Pharms., Inc.*, 378 F. Supp. 3d 60, 64 (D. Mass. 2019) ("So-called 'in-and-out transactions' (those securities both bought and sold within the class period) are excluded from the calculation of approximate losses because any losses from those transactions lack a causal link to the allegedly false or misleading statements or omissions.").

*Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("[T]he candidate with the most net shares purchased will normally have the largest potential damage recovery."); *Ruland v. InfoSonics Corp.*, No. 06-cv-1231, 2006 WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006) (same). In fact, "the first three factors"—gross shares, net shares, and net expenditure—"provide the most objective measurement of a movant's stake in the litigation because the fourth factor [loss] is heavily dependent on the method applied and numbers chosen to calculate losses." *Pio v. Gen. Motors Co.*, No. 14-cv-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014).

B.      **Bousso Has The Largest Financial Interest As Measured By The First 3 Of 4 *Lax* Factors**

Here, Bousso has a larger financial interest than the other two movants as measured by the first three *Lax* Factors: [4]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Loss |
|---|---|---|---|---|
| Bousso | 75,290.0 | 7,799.0 | $67,721 | $23,131 |
| Tagawa | 22,907.5 | 0.5 | $37,012 | $51,856[5] |
| Sokolowski | 30,485.2 | (*negative*) 3,685.2 | (*negative*) $1,233 | $36,797 |

Bousso purchased the most shares (gross and net) and has the largest net expenditure. Since Bousso has the largest financial interest as measured by three of the four *Lax* factors, Bousso has the largest financial interest. *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* No. 17-cv-1958, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017) (holding movant with the largest financial interest under the first three factors was the presumptively most adequate plaintiff);

---

[4] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

[5] Notably, Tagawa's loss, as presented in his initial motion, is vastly overstated. *See* Dkt. No. 21-1 (claiming a loss of $149,470). Tagawa overstated his loss because he failed to properly account for the 1-for-8 reverse stock split on August 31, 2023. Tagawa should have divide the quantity of his pre-stock split purchases by 8. He did not. Once corrected, Tagawa's loss is drastically reduced.

*Police & Fire Ret. Sys. of Detroit v. SafeNet, Inc.*, No. 06-cv-5797, 2007 WL 7952453, at \*2 (S.D.N.Y. Feb. 21, 2007) (same); *General Motors*, 2014 WL 5421230, at \*4 (same).

Moreover, as illustrated in the above chart, Sokolowski has a negative net shares purchased and a negative net expenditure because he sold more shares than he purchased and received more in proceeds than he expended during the class period. Courts routinely disqualify such "net sellers" and "net gainers" from consideration for appointment as lead plaintiff since they benefited from the fraud at issue. *Mills Corp.*, 2006 WL 2035391, at \*3 ("Courts generally reject a party's motion for lead plaintiff if the party is a net seller of shares during the class period."); *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173 (W.D.N.Y. 2007) ("Courts have consistently rejected applications for lead plaintiff status made by 'net sellers' and 'net gainers,' recognizing that they may in fact have profited, rather than suffered, as a result of the inflated stock prices.") (collecting cases nationwide); *see also City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23-cv-1769, 2023 WL 6458930, at \*6 (S.D.N.Y. Oct. 4, 2023) ("Clal's status as a 'net seller' and 'net gainer' during the Class Period subjects it to unique defenses that prevent Clal from adequately representing the class.").

While Tagawa and Sokolowski have a larger loss than Bousso, prevailing under just one of the four factors is insufficient to shift the factor analysis in their favor. *See TransDigm Group*, 2017 WL 6028213, at \*3 (appointing a movant with a loss of $40,905 over a movant with a loss of $76,311); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (appointing movant with a 17% smaller loss, stating the losses are "roughly equal").

Accordingly, Bousso has the largest financial interest in the relief sought by the class. Since Bousso also satisfies the requirements of Rule 23, and filed a timely motion, Bousso is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II.    THE PRESUMPTION THAT BOUSSO IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has presented proof that Bousso would be inadequate or subject to unique defenses. Moreover, Bousso is not aware of any possible basis for such a contention. As such, Bousso should be appointed as lead plaintiff, and no other movant is entitled to consideration.

## III.    THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Bousso has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 24-3 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Bousso's selection of counsel, the Court may be assured that the class will receive the highest caliber of legal representation. Accordingly, Bousso's selection of lead counsel for the class should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Bousso respectfully request that the Court enter an Order: (1) appointing Bousso as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: November 4, 2024                **BUTLER CURWOOD PLC**

By: _/s/ Paul M. Falabella_
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com
        craig@butlercurwood.com

*Local Counsel for Michal Bousso*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Michal Bousso and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of November 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to counsel of record.

_/s/ Paul M. Falabella_
Paul M. Falabella (VSB No. 81199)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com

9