UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA,<br><br>Defendants. | Case No. 1:24-cv-01458-MSN-WEF |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA,<br><br>Defendants. | Case No. 1:24-cv-01810-MSN-LRV |

**MICHAL BOUSSO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
HER MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
LEAD COUNSEL**

1

Plaintiff and Lead Plaintiff Movant Michal Bousso ("Bousso") submits this reply memorandum of law in support of her motion for appointment as lead plaintiff and approval of lead counsel, and in response to the oppositions filed by Kohei Tagawa ("Tagawa") (Dkt. No. 29, "Tagawa Opp."), and Wojciech Sokolowski ("Sokolowski") (Dkt. No. 31, "Sokolowski Opp.").

Bousso is entitled to the PSLRA presumption that she is the most adequate plaintiff to be appointed as lead plaintiff. Indeed, neither Tagawa nor Sokolowski substantively contest that Bousso has the largest financial interest in the relief sought by the class as measured by 3 of the 4 factors courts typically consider, and that she is otherwise adequate and typical of the class.

Bousso has the largest financial interest. Tagawa and Sokolowski do not contest, and therefore concede, that Bousso purchased more shares than Tagawa and Sokolowski during the longer (most appropriate) class period, both gross and net, and that Bousso has the largest net expenditure:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Loss |
|---|---|---|---|---|
| Bousso | 75,290.0 | 7,799.0 | $67,721 | $23,131 |
| Tagawa | 22,907.5 | 0.5 | $37,012 | $51,856 |
| Sokolowski | 30,485.2 | (*negative*) 3,685.2 | (*negative*) $1,233 | $36,797 |

As such, Bousso has the largest financial interest as measured by 3 of the 4 factors courts typically consider. *See Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. 21-cv-1189, 2021 WL 6072812, at *4 (D. Md. Dec. 23, 2021) (identifying the *Lax* factors). As such, she has the largest financial interest. *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* No. 17-cv-1958, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017).

Bousso is also typical and adequate to represent the class. Bousso made a preliminary showing of her typicality and adequacy in her initial motion. *See* Dkt. No. 23 at 7-8. Neither

2

Tagawa nor Sokolowski contest in their opposition memoranda that Bousso is adequate and typical, and therefore concede the issue.

In contrast, Tagawa and Sokolowski are inadequate and subject to disqualifying unique defenses. As such, even if they had a larger financial interest than Bousso (they do not), Tagawa and Sokolowski should be disqualified from consideration. As explained in Bousso's opposition memorandum, Sokolowski is a net seller and a net gainer since he sold more shares than he purchased during the class period. Courts routinely disqualify such movants on the basis that they benefited from the fraud. *See In re Mills Corp.*, No. 06-cv-77, 2006 WL 2035391, at *3 (E.D. Va. May 30, 2006) ("Courts generally reject a party's motion for lead plaintiff if the party is a net seller of shares during the class period."); *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 173 (W.D.N.Y. 2007) (collecting cases nationwide). Similarly, as Sokolowski argues in his opposition memorandum, Tagawa should be disqualified for inflating his loss. *See* Sokolowski Opp. at 12-16.

Since Bousso has the largest financial interest, and is the only movant not disqualified by adequacy issues, Bousso is the presumptively most adequate plaintiff to be appointed as lead plaintiff. Moreover, since no movant has attempted to rebut the presumption, Bousso should be appointed as lead plaintiff, and her selection of counsel should be approved.

Respectfully submitted,

DATED: November 12, 2024      **BUTLER CURWOOD PLC**

By:   */s/ Paul M. Falabella*     
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com

3

craig@butlercurwood.com

*Local Counsel for Michal Bousso*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay *(Pro Hac Vice to be filed)*
Charles H. Linehan *(Pro Hac Vice to be filed)*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Michal Bousso and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to all counsel of record.

*/s/  Paul M. Falabella*
Paul M. Falabella (VSB No. 81199)

4