UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, and LEONARDO BASOLA,<br><br>          Defendants. | Case No.  1:24-cv-01458-MSN-WEF |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>SPIRE GLOBAL, INC., PETER PLATZER, THOMAS KRYWE, and LEONARDO BASOLA,<br><br>          Defendants. | Case No.  1:24-cv-01810-MSN-LRV |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF
WOJCIECH SOKOLOWSKI FOR CONSOLIDATION, APPOINTMENT AS LEAD
<u>PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 5

    I.      THE BOUSSO ACTION'S ORIGINALLY PLED CLASS PERIOD IS THE
           PROPER CLASS PERIOD FOR ASSESSING FINANCIAL INTEREST ........... 5

    II.     BOUSSO'S OPPOSITION ARGUMENTS ARE MERITLESS .......................... 9

          A.     Bousso Does Not Possess the "Largest Financial Interest" ........................ 9

          B.     Sokolowski Is Not a Net Seller or Net Gainer Under Either Class
              Period ................................................................................................. 12

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Camp v. Qualcomm Inc.*,
No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269 (S.D. Cal. Jan. 22,
2019) ...........................................................................................................................................2

*Chahal v. Credit Suisse Grp. AG*,
18-CV-2268 *et al.*, 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ..........................................10

*City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*,
No. 17-cv-1958, 2017 WL 6028213 (N.D. Ohio Dec. 5, 2017) ...............................................11

*Deering v. Galena Biopharma, Inc.*,
No. 3:14-CV-00367-SI, 2014 WL 4954398 (D. Or. Oct. 3, 2014)............................................7

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................10

*Grad v. Ironnet, Inc.*,
No. 1:22-cv-00449, 2022 U.S. Dist. LEXIS 125880 (E.D. Va. July 15, 2022)...................4, 10

*Hardy v. MabVax Therapeutics Holdings*,
No. 18-CV-01160-BAS-NLS, 2018 WL 4252345 (S.D. Cal. Sept. 6, 2018)............................7

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) .......................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)................................................10

*In re Doral Fin. Corp. Sec. Litig.*,
414 F. Supp. 2d 398 (S.D.N.Y. 2006)........................................................................................8

*In re E.spire Communs., Sec. Litig.*,
231 F.R.D. 207 (D. Md. 2000)............................................................................................4, 10

*In re Microstrategy Sec. Litig.*,
110 F. Supp. 2d 427 (E.D. Va. 2000) ...................................................................................4, 10

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 421 (E.D. Pa. 2005)...............................................................................................10

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...................................................................................10

*Luongo v. Desktop Metal, Inc.*,
   No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570 (D. Mass. July 7,
   2022) ......................................................................................................................7

*Maliarov v. Eros Int'l PLC*,
   No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082 (S.D.N.Y. Apr. 5,
   2016) ................................................................................................................3, 4, 6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .................................7

*Miller v. Dyadic Int'l, Inc.*,
   No. 07-80948-CIV, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008)...........................................8

*Nicolow v. Hewlett Packard Co.*,
   No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ...........................................10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ..............................10

*Oakland Cnty. Voluntary Emps. Beneficiary Ass'n v. Generac Holdings Inc.*,
   No. 22-CV-1436-BHL, 2023 WL 9511520 (E.D. Wis. May 30, 2023) ...............................8, 9

*Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v.
   Emergent Biosolutions Inc.*,
   No. PWG-21-1189, 2021 WL 6072812 (D. Md. Dec. 23, 2021) .........................................8, 9

*Pio v. General Motors*,
   No. 14-cv-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014)........................................11

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
   256 F.R.D. 620 (E.D. Wis. 2009) .....................................................................................5, 8

*Police and Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*,
   No. 06 CIV. 5797 PAC, 2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007) .................................10

*Ragan v. Appharvest, Inc., No. 21-cv-7985 (LJL)*,
   2021 U.S. Dist. LEXIS 238168 (S.D.N.Y. Dec. 13, 2021) ...................................................3, 6

*Rodriguez v. Draftkings Inc.*,
   No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12,
   2021) ......................................................................................................................2

*Takara Trust v. Molex, Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005)...........................................................................................10

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) .....................................................................................2

iii

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
  No. 3:15-CV-3415-D, 2016 WL 1625774 (N.D. Tex. Apr. 25, 2016) ......................................7

*Villare v. Abiomed, Inc.*,
  No. 19 Civ. 7319 (ER), 2020 U.S. Dist. LEXIS 114684 (S.D.N.Y. June 29,
  2020) ......................................................................................................................................5

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................................1

Private Securities Litigation Reform Act of 1995 ...............................................................1, 3, 4, 6

**Rules**

Fed. R. Civ. P. 23...........................................................................................................................1, 2

Lead Plaintiff Movant Sokolowski[1] respectfully submits this reply memorandum of law in further support of his motion for consolidation, appointment as Lead Plaintiff, and approval of his selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel (Dkt. No. 25).

## PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" **and** has made a *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption can only be rebutted upon "proof" that the presumptive "most adequate plaintiff" is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as discussed at length in his moving and opposition briefs (Dkt. Nos. 26, 31), Sokolowski is the only movant that satisfies the statutory criteria to be entitled to the "most adequate plaintiff" presumption.  Sokolowski has incurred losses of approximately $34,874 calculated on a FIFO basis, or $36,768 calculated on a LIFO basis, in connection with his transactions in Spire Global securities during the proper Class Period alleged in the only sufficiently noticed action at issue in this litigation, *i.e.*, the first-filed *Bousso* Action (March 6, 2024 through August 14, 2024)—which is larger than the losses incurred by both competing movants **combined** when calculated with reference to this Class Period—and has plainly made a *prima facie* showing that he satisfies the applicable requirements of Rule 23.

While the competing movants disagree as to whether their financial interests should be calculated with reference to the Class Period alleged in the *Bousso* Action or the Expanded Class

---

[1] All capitalized terms herein are defined in Sokolowski's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 26, 31.

Period alleged in the *Tagawa* Action, it is clear that Tagawa is ineligible for appointment as Lead Plaintiff in this litigation, irrespective of his financial interest under any class period, because he is inadequate within the meaning of Rule 23 due to significant errors and/or falsities in his motion papers, as discussed at length in Sokolowski's opposition brief (*see* Dkt. No. 31 at 3-5, 12-16) and as mentioned by Bousso in his opposition brief (Dkt. No. 30 at 5 n.5). *See Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), 2021 U.S. Dist. LEXIS 219489, at *15-16, *25 (S.D.N.Y. Nov. 12, 2021) (finding errors in movant's "submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative" and disqualifying said movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *9 (S.D. Cal. Jan. 22, 2019) (significant errors in transactions records and loss calculations prohibit a movant from satisfying the adequacy and typicality requirements of Rule 23). Notably, Tagawa has failed to correct, much less address, the significant deficiencies in his motion papers over two rounds of briefing, despite both Sokolowski and Tagawa having identified these deficiencies.

While Tagawa and Bousso both challenge Sokolowski's adoption of the shorter Class Period alleged in the *Bousso* Action because such adoption purportedly "runs counter to the prevailing view that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated" (Dkt. No. 29 at 1; *see*

2

*also* Dkt. No. 30 at 4 n.3), as discussed at length in Sokolowski's moving and opposition briefs (*see* Dkt. No. 26 at 1 n.1, 6-7; Dkt. No. 31 at 5-9), Spire Global investors clearly did not have sufficient time to consider and make an informed decision as to their candidacy for, as well as desire to seek, appointment as Lead Plaintiff with reference to the *Tagawa* Action's improperly Expanded Class Period, thus rendering that class period inappropriate for purposes of considering the candidacy of Lead Plaintiff movants in this litigation. *See Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082, at \*12 (S.D.N.Y. Apr. 5, 2016) ("The Court is hesitant to encourage lead plaintiff movants to file complaints with additional disclosure allegations in the eleventh hour, thereby precluding similarly-situated potential movants from identifying themselves to the Court.").  Likewise, the specter of gamesmanship raised by the circumstances surrounding the eleventh-hour filing of the *Tagawa* Action—namely, that its apparent purpose was to increase Tagawa's own losses without meaningful notice to the rest of prospective class, given that ***more than 80%*** of Tagawa's claimed investment losses were incurred in connection with his transactions in Spire Global securities during the approximate twenty-two-month period by which he expanded the Class Period (*see* Dkt. No. 31 at 7) and notice of the *Tagawa* Action was issued ***fifty-six*** days into the sixty-day statutory notice period (*see id.*; *see also* Dkt. No. 32-3)—further renders use of the *Tagawa* Action's improperly Expanded Class Period inappropriate for purposes of determining Lead Plaintiff appointment here.  *See Ragan v. Appharvest, Inc.*, No. 21-cv-7985 (LJL), 2021 U.S. Dist. LEXIS 238168, at \*19 n.4 (S.D.N.Y. Dec. 13, 2021) (rejecting longer class period where, *inter alia*, "[movant] appears to have engaged in . . . gamesmanship" because "the only reason it appears to have waited until the day before the lead plaintiff motions were due to file its complaint and issue a PSLRA notice was to make it more difficult for others to compete with it to be lead plaintiff").

3

Meanwhile, the only other eligible competing movant, Bousso, claims that he, rather than Sokolowski, should be appointed Lead Plaintiff because: (i) he claims to have "purchased the most shares (gross and net) and has the largest net expenditure", despite having the smallest loss among the competing movants (Dkt. No. 30 at 5); and (ii) he argues that Sokolowski should be disqualified from consideration as a purported "net seller[]" and "net gainer[]" who purportedly "benefited from the fraud at issue" (*id.* at 6).

As a threshold matter, both of Bousso's arguments depend upon the Court's adoption of the improperly Expanded Class Period—which, as discussed above, Sokolowski respectfully submits the Court should not do—since he appears to claim the largest financial interest only with reference to the Expanded Class Period and appears to assert Sokolowski is a net seller and net gainer only under the Expanded Class Period (*see generally* Dkt. No. 30 at 3-6). Even if the Court were to assess the competing movants' financial interests with reference to the Expanded Class Period, Bousso's arguments would still fail. *First*, courts around the country, including those in the Fourth Circuit and in this District specifically, almost universally agree that the best measure of a movant's financial interest within the meaning of the PSLRA is their monetary loss, regardless of gross or net shares purchased or net expenditure. *See, e.g.*, *Grad v. Ironnet, Inc.*, No. 1:22-cv-00449 (RDA/JFA), 2022 U.S. Dist. LEXIS 125880, at *7-8 (E.D. Va. July 15, 2022) (equating financial interest with economic loss); *In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 434, 436 (E.D. Va. 2000) (same); *In re E.spire Communs., Sec. Litig.*, 231 F.R.D. 207, 212-13 (D. Md. 2000) (same). *Second*, Sokolowski is *not* a net seller or net gainer during the Expanded Class Period. In the interest of transparency and clarity, Sokolowski submits herewith additional data reflecting his transactions in Spire Global securities in the Expanded Class Period—whereas, consistent with his position as to the appropriate Class Period, his initial motion papers only

4

provided transaction data for the shorter Class Period—which plainly demonstrates that Sokolowski was **not** a net seller during the Expanded Class Period.  *See* Reply Declaration of Steven J. Toll in Further Support of Motion ("Toll Reply Decl."), Ex. A.

For the reasons set forth herein, Sokolowski respectfully submits that the Court should grant his motion in its entirety and deny the competing motions of Tagawa and Bousso.

<b>ARGUMENT</b>

**I.    THE *BOUSSO* ACTION'S ORIGINALLY PLED CLASS PERIOD IS THE PROPER CLASS PERIOD FOR ASSESSING FINANCIAL INTEREST**

As discussed at length in Sokolowski's moving and opposition briefs, the originally pled Class Period in the first-filed *Bousso* Action, the only sufficiently noticed action in this litigation, is the proper class period for assessing the competing movants' financial interests here.  While Tagawa and Bousso are correct that courts generally use the longest alleged class period, "[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they have the largest financial interest." *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (recognizing that "simply adopting the most inclusive class period might encourage unscrupulous movants to allege longer class periods in an effort to manipulate the lead plaintiff determination"); *Villare v. Abiomed, Inc.*, No. 19 Civ. 7319 (ER), 2020 U.S. Dist. LEXIS 114684, at *11-13 (S.D.N.Y. June 29, 2020) (recognizing same and rejecting longer class period alleged in later-filed action, in part, because "there is a risk that the longer class period is a product of gamesmanship" given that movant expanded the class period at the eleventh hour and, "but for the expanded period, his loss would plummet").

5

Tagawa claims that "Sokolowski [purportedly] provides no reasoning as to why the Court, at this early stage, should confine the class period to just the five-month purchase window alleged in [the] *Bousso* [Action]" and has purportedly "attempt[ed] to curtail the class's recovery" by adopting the originally pled Class Period (Dkt. No. 29 at 1-2). Yet as Sokolowski has described in detail in his opposition brief, Spire Global investors plainly did not have sufficient time to consider and make an informed decision regarding their candidacy for appointment as Lead Plaintiff with reference to the *Tagawa* Action's improperly Expanded Class Period. *See* Dkt. No. 31 at 6-7; *see also Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082, at *12 (S.D.N.Y. Apr. 5, 2016) ("The Court is hesitant to encourage lead plaintiff movants to file complaints with additional disclosure allegations in the eleventh hour, thereby precluding similarly-situated potential movants from identifying themselves to the Court."). Moreover, Tagawa has given the Court every indication that his eleventh-hour filing of the *Tagawa* Action was an improper attempt to increase his own losses without meaningful notice to the rest of prospective class, given that ***more than 80%*** of Tagawa's claimed investment losses were incurred in connection with his transactions in Spire Global securities during the approximate twenty-two-month period by which he expanded the Class Period (*see* Dkt. No. 31 at 7) and notice of the *Tagawa* Action was issued ***fifty-six*** days into the sixty-day statutory notice period (*see id.*; *see also* Dkt. No. 32-3). Sokolowski respectfully submits that the Court should not reward such gamesmanship by accepting Tagawa's Expanded Class Period. *See Ragan*, 2021 U.S. Dist. LEXIS 238168, at *19 n.4 (rejecting longer class period where, *inter alia*, "[movant] appears to have engaged in . . . gamesmanship" because "the only reason it appears to have waited until the day before the lead plaintiff motions were due to file its complaint and issue a PSLRA notice was to make it more difficult for others to compete with it to be lead plaintiff"); *Maliarov*, 2016 U.S. Dist.

LEXIS 46082, at *11-12 (finding movant inadequate where he engaged in gamesmanship by apparently strategically "fil[ing] his lawsuit alleging . . . additional facts on the last day for potential class members to file a lead plaintiff motion" and that such actions raised the "specter of gamesmanship" as he would not be a lead plaintiff contender otherwise); *see also L Luongo v. Desktop Metal, Inc.*, No. 1:21-cv-12099-IT *et al.*, 2022 U.S. Dist. LEXIS 119570, at *5-8 (D. Mass. July 7, 2022) (recognizing "[t]here is a risk . . . to blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest" and rejecting longer class period alleged in later-filed action "for purposes of determining the lead plaintiff in the consolidated action" (internal quotation marks and citation omitted)).

The  cases that Tagawa cites in ostensible support of his position—*i.e.*, that the Court should reflexively adopt the Expanded Class Period—are largely distinguishable.  Nearly all of these cases addressed scenarios where the later-filed action expanded the relevant class period by a less significant margin than here, or where the court did not address the question of sufficiency of notice to prospective class members.  *See Hardy v. MabVax Therapeutics Holdings*, No. 18-CV-01160-BAS-NLS, 2018 WL 4252345, at *2, *5-6 (S.D. Cal. Sept. 6, 2018) (not addressing arguments regarding insufficient notice to class members and class period was only expanded backwards); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *1 (N.D. Cal. June 10, 2014) (class period only expanded backwards and by less than seven months); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-CV-3415-D, 2016 WL 1625774, at *3-4 (N.D. Tex. Apr. 25, 2016) (not addressing arguments regarding insufficient notice to class members and class period only expanded forwards by roughly seven months); *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398,

at \*6-11 (D. Or. Oct. 3, 2014) (not addressing adequate notice of expanded class period and class period only expanded backwards by roughly six months and forwards by roughly a single month); *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at \*1 (S.D. Fla. Apr. 18, 2008) (class period only expanded backwards by roughly a year); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402–03 (S.D.N.Y. 2006) (not addressing adequate notice of expanded class period to prospective class members); *Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624 (E.D. Wis. 2009) (difference in class periods of only roughly four months); *Oakland Cnty. Voluntary Emps. Beneficiary Ass'n v. Generac Holdings Inc.*, No. 22-CV-1436-BHL, 2023 WL 9511520, at \*3 (E.D. Wis. May 30, 2023) (addressing addition of a partial corrective disclosure occurring roughly nine months before first corrective alleged in first complaint).

Here, by contrast, the *Tagawa* Action expanded the originally pled *Bousso* Action's class period by roughly twenty-two months (or nearly **two years**) before the start date of the original Class Period, and roughly two weeks after the end of the original Class Period. *See Tagawa* Action, Dkt. No. 1 ¶ 1. Worse, Tagawa's counsel only issued notice of the significantly Expanded Class Period at 12:18 a.m. EDT on October 15, 2024—**fifty-six** days into the sixty-day statutory notice period. *See* Dkt. No. 32-3. Accordingly, Spire Global investors did not have sufficient time to consider and apply for appointment as Lead Plaintiff with reference to the *Tagawa* Action's improperly Expanded Class Period. *See* Dkt. No. 31 at 6-7.

Meanwhile, Bousso cites only a single case in arguing that the Expanded Class Period should control, namely *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. PWG-21-1189, 2021 WL 6072812 (D. Md. Dec. 23, 2021), where

the court did not address arguments by competing movants as to the appropriate class period to use in assessing financial interest. *See id.* at *4.

As discussed in his opposition brief, Sokolowski respectfully submits that, at minimum, if the Court chooses to assess the competing movants' respective financial interests with reference to the Expanded Class Period, counsel for Tagawa should be required to re-issue notice to afford Spire Global investors sufficient time to consider and make an informed decision as to whether they wish to seek appointment as Lead Plaintiff. *See* Dkt. No. 31 at 8-9.

## II.    BOUSSO'S OPPOSITION ARGUMENTS ARE MERITLESS

In addition to arguing for application of the Expanded Class Period alleged in the *Tagawa* Action, Bousso also raises two additional arguments in opposition to Sokolowski's appointment. First, Bousso claims that he, not Sokolowski, has the "largest financial interest" in the relief sought by the Class in this litigation under the Expanded Class Period. *See* Dkt. No. 30 at 5-6. Second, Bousso inaccurately describes Sokolowski as a net seller and net gainer with respect to his transactions in Spire Global securities within the Expanded Class Period, and claims that Sokolowski is therefore subject to disqualifying unique defenses. *See generally id.* at 6. As discussed below, neither of these arguments has any merit.

### A.    Bousso Does Not Possess the "Largest Financial Interest"

Conceding that he did not incur the largest loss among the competing movants, Bousso nevertheless claims to have "a larger financial interest than [Sokolowski and Tagawa]", under the Expanded Class Period, "as measured by the first three *Lax* Factors:" (1) gross shares purchased; (2) net shares purchased; and (3) net expenditure. *Id.* at 5.

Even assuming *arguendo* that the Court assesses financial interest with reference to the Expanded Class Period, Bousso's argument fails regardless because it is at odds with the near-universal view that financial interest is appropriately assessed with reference to the fourth factor,

9

monetary loss. *See, e.g.*, *Grad*, 2022 U.S. Dist. LEXIS 125880, at *7-8 (equating financial interest with economic loss); *Microstrategy*, 110 F. Supp. 2d at 434, 436 (same); *E.spire*, 231 F.R.D. at 212-13 (same); *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018) (same); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on the competing movants' estimated losses[.]"); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (finding "'courts consider the fourth [*Lax*] factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss'" (quoting *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007))); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss is "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses."). Bousso has given no reason why this Court should depart from this well settled point of law and discount the movants' monetary losses in favor of the other three *Lax* factors.

The few cases that Bousso cites in ostensible support of his position are easily distinguished. In *Police and Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, No. 06 CIV. 5797 PAC, 2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007), a difference of "only 2%" separated the

claimed losses of the two movants at issue, leading the Court to "treat these losses as roughly equal" and look to the other *Lax* factors to resolve the tie. Here, by contrast, Sokolowski and Bousso's losses are ***not*** "roughly equal". Rather, Sokolowski's loss of approximately $34,874 calculated on a FIFO basis, or $36,768 calculated on a LIFO basis, is more than $13,000 larger than Bousso's claimed loss, giving the Court no reason to look to other factors in making a financial interest determination. In *Pio v. General Motors*, No. 14-cv-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014), the court only looked to the first three *Lax* factors because the competing "movants employ[ed] different methodologies from each other to calculate their losses" and, moreover, "each use[d] different methods from brief to brief-offering the Court varying estimations of their losses." *Id.* at *5. Faced with "a dizzying array of damages calculations" (*id.* at *6 (quoting *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999))), the court found the first three *Lax* factors to provide a more "objective measurement" that was not "dependent on the method applied and numbers chosen to calculate losses." *Id.* at *4. Here, unlike *General Motors*, the competing movants have not offered fundamentally different loss-calculation methodologies for the Court's consideration such that reference to the other *Lax* factors would assist its inquiry. Finally, in *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, No. 17-cv-1958, 2017 WL 6028213 (N.D. Ohio Dec. 5, 2017), the court found that the "difference between the approximate losses of the two potential lead plaintiffs" was relatively modest compared to the "combined weight of the first three factors", which "weigh[ed] overwhelmingly in favor of" one movant and against the other. *Id.* at *3. Here, again, Sokolowski has decisively larger losses than Bousso, while Bousso does ***not*** overwhelmingly lead with respect to the other three *Lax* factors.

11

**B.**     **Sokolowski Is Not a Net Seller or Net Gainer Under Either Class Period**

Bousso also incorrectly argues that Sokolowski is a net seller and net gainer with respect to his transactions in Spire Global securities under the Expanded Class Period—that is, that "he sold more shares than he purchased and received more in proceeds than he expended". Dkt. No. 30 at 6.

Again, Bousso is wrong. Again, if the Court correctly adopts the shorter Class Period, then Bousso's arguments with respect to Sokolowski's trading during the Expanded Class Period are irrelevant. In any event, Sokolowski is ***not*** a net seller or net gainer during the Expanded Class Period. Consistent with his position that the shorter Class Period should govern the Court's financial interest assessment, Sokolowski's initial motion papers only included his transactions in Spire Global securities during the shorter Class Period and did not reflect his trading activity during the Expanded Class Period. Lacking such information, Bousso presumably made certain erroneous assumptions about Sokolowski's trading activity and reached the mistaken conclusion that he was a net seller and net gainer during the Expanded Class Period. In the interest of resolving any confusion, Sokolowski submits herewith data reflecting his transactions in Spire Global securities in the Expanded Class Period, during which he purchased a total of 52,545.890072 Spire Global shares and sold a total of 34,170.11788 Spire Global shares, making Sokolowski a net ***purchaser*** by a margin of approximately 18,375.772192 shares. *See* Toll Reply Decl., Ex. A.

## CONCLUSION

For the foregoing reasons, Sokolowski respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Sokolowski as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated: November 12, 2024                          Respectfully submitted,

**COHEN MILSTEIN SELLERS
& TOLL PLLC**

*/s/ Steven J. Toll*

Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
(*pro hac vice* application forthcoming)
S. Douglas Bunch
(*pro hac vice* application forthcoming)
1100 New York Avenue, N.W. Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Lead Plaintiff Movant Wojciech
Sokolowski and Proposed Liaison Counsel for the
Class*

**POMERANTZ LLP**

Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Wojciech
Sokolowski and Proposed Lead Counsel for the
Class*

**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**

Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

13

*Additional Counsel for Lead Plaintiff Movant Wojciech Sokolowski*

14