UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAL BOUSSO, Individually and on Behalf of All Others Similarly Situated,<br>*Plaintiff*,<br><br>v.<br><br>SPIRE GLOBAL, INC., et al.,<br>*Defendants.* | No. 1:24-cv-01458-MSN-WEF |
| KOHEI TAGAWA, Individually and on Behalf of All Others Similarly Situated,<br>*Plaintiff*,<br><br>v.<br><br>SPIRE GLOBAL, INC., et al.,<br>*Defendants.* | No. 1:24-cv-01810-MSN-LRV |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on several competing motions to consolidate and appoint lead counsel in the above-captioned securities class actions. *See* ECF 19, ECF 21, ECF 25 in 24-cv-1458.[1] For the following reasons, the Court will consolidate the cases, appoint Plaintiff Michal Bousso lead plaintiff in the consolidated action, and approve his selection of counsel.

**I.    BACKGROUND**

    **A.    Factual Background**

The Complaints in these cases allege that the Defendant, Spire Global, Inc. ("Spire"), violated federal securities laws and defrauded its investors. On August 15, 2024, Spire—a publicly traded company—made an announcement that it would not timely file its second quarter 2024

---

[1] All ECF numbers referenced herein refer to filings in 24-cv-1458 unless otherwise noted.

financial report because it was reviewing accounting practices with respect to one of its business segments, and may have been overstating that segement's recognized revenue. ECF 1 ¶ 3; 24-cv-1810. Its shares fell $3.41 (33.56%) on this news. *Id.* ¶ 4. Then, on August 27, 2024, Spire announced that in light of its accounting practices, it would need to restate previously-issued financial statements going back to the first quarter of 2022, the financial statement for which was originally released on May 11, 2022. 24-cv-1810, ECF 1 ¶ 6. Spire's shares fell $0.12 (about 2%) on this news. *Id.* ¶ 7. Plaintiffs allege that they were defrauded in violation of the securities laws because Spire filed financial statements that did not conform to generally accepted accounting principles, and filed false statements certifying that Spire's financial statements were correct and that it had sufficient internal controls, among other things. *Id.* ¶ 8; ECF 1 ¶ 5. Plaintiffs allege that they suffered damages from their purchases and sales of Spire's securities as a result of these false and misleading statements or omissions. *Id.* ¶ 76; ECF 1 ¶ 53.

### B. Procedural Background

Plaintiff Michael Bousso filed a class action complaint on August 20, 2024, after the first of Spire's disclosures. *See* ECF 1. Bousso's Complaint alleged a class period beginning on March 6, 2024, when Spire reported its financial results for 2023, and ending on August 14, 2024, the date it announced it could not release further financial results. *Id.* ¶¶ 1, 17. Also on August 20, 2024, in compliance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Bousso's counsel published notice of his suit in the Business Wire. ECF 23 at 6; ECF 24-1. The notice reported Bousso's proposed class period, as well as the subject matter of the class action: Spire's review of its accounting practices and internal control measures regarding revenue recognition in its "Space Services" business segment. ECF 24-1.

On October 14, 2024, Plaintiff Kohei Tagawa filed a similar class action complaint, which included allegations regarding the August 27, 2024 notice from Spire and a class period of May 11, 2022, to August 27, 2024. *See generally* 24-cv-1810, ECF 1.

On October 21, 2024, both Boussou and Tagawa filed motions to consolidate the two actions and to be appointed lead plaintiff under the PSLRA. ECF 19; ECF 22. Another class plaintiff who had not filed a complaint, Wojchiech Sokolowski, also filed a motion to consolidate the cases and appoint himself lead counsel. ECF 25. These motions have been fully briefed and are now ripe for resolution.

## II.     LEGAL STANDARD

The first relevant step here is consolidation. Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims" is filed, a court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a)(2).

As for appointment of a lead plaintiff, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) filed the complaint or made a motion for appointment, (2) "has the largest financial interest in the relief sought by the class," and (3) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In order to encourage the identification of the "broadest, most inclusive potential class," courts at this stage of the litigation "use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest

under that period." *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Investment Corp.*, 256 F.R.D. 620, 624 (E.D. Wisc. 2009). The presumption that the plaintiff who meets the above criteria should be appointed may be rebutted by evidence that she will not fairly and adequately protect the interests of the class or is subject to unique defenses that will render her unable to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

It is also the responsibility of the lead plaintiff to "select and retain counsel to represent the class" "subject to the approval of the court." *Id.* § 78u-4(a)(3)(B)(i), (v). "[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources." *In re. Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000).

### III.  ANALYSIS

#### A.  Consolidation

All three movants have asked the Court to consolidate the two above-captioned actions. ECF 20 at 2; ECF 23 at 4; ECF 26 at 5-7. Where consolidation in a securities class action context is "uncontested" and all complaints "claim securities fraud . . . arising out of the same alleged misrepresentations," consolidation under Rule 42 is appropriate. *Small v. Vanda Pharms. Inc.*, 10 F. Supp. 3d 6, 11 (D.D.C. 2013). The Court will therefore consolidate the two above-captioned actions and proceed to select a lead plaintiff for the consolidated action.

#### B.  Appointment of Lead Plaintiff

##### 1.  The Longer Class Period is the Appropriate Period for Calculating Losses.

The competing plaintiffs disagree as to whether the Court should assess financial loss based on the longer class period from May 11, 2022, to August 27, 2024 or the shorter period covering March 6, 2024, to August 14, 2024. Tagawa and Bousso have each adopted the longer class period in their filings, while Sokolowski argues that the Court should look at losses only over the shorter period. *See* ECF 20 at 4-5 & n.2; ECF 23 at 2; ECF 26 at 1 n.1.

4

As Tagawa and Bousso point out, the "prevailing view" is "that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated." ECF 29 at 1 (citing *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018)). This approach makes good sense. As the court in *MGIC* noted, this approach is "based on the assumption that 'the class,' as referenced in § 78u-4(a)(3)(B)(iii)(I)(bb), should be defined as the broadest, most inclusive class," and courts should not, "at the outset of the case," unnecessarily "narrow the allegations" before any merits determination has been made. 256 F.R.D. at 625.

Sokolowski says that this general rule should not apply here, because Tagawa's longer class period, which first appeared in his complaint filed 55 days after Bousso's initial notice, "suggests a deliberate effort to seize control of this litigation by manufacturing a massive financial interest, at the eleventh hour, without meaningful notice to other class members." ECF 31 at 7. They ground this objection in cases where Courts have cautioned against "blindly accepting the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they have the longest financial interest." *Id.* at 5 (citing *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010)).

Fair enough. The Court does not dispute that such a risk exists, nor will it blindly accept the longer period. But such appropriate "further inquiry' as the *BP* court suggests confirms that the longer period is appropriate. In *BP*, the Court agreed with the Eastern District of Wisconsin in *MGIC* that, to limit gamesmanship, courts should "use the longest noticed class period unless the factual allegations supporting that period are 'obviously frivolous.'" 758 F. Supp. 2d at 434 (quoting *MGIC*, 256 F.R.D. at 625). Here they are not. The expanded class period's dates are tailored to encompass the maximal duration during which Spire investors might have relied on

misleading financial statements. That is, "the longer *Tagawa* class period is factually supported based on the Company's disclosures made on August 27, 2024 – after the initial *Bousso* complaint was filed on August 20 – announcing the need to restate its previously issued financial statements beginning with its financial statements for the quarter ended March 31, 2022, originally released on May 11, 2022." ECF 34 at 6-7 (underline added). Because of this factual support, "the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members, and . . . is the beginning and end date of the period in which [Spire] allegedly began improperly reporting its results." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-403 (S.D.N.Y. 2006).[2]

Sokolowski next insists that if the Court adopts the longer *Tagawa* class period, it must "require counsel for Tagawa . . . to re-issue notice to afford Spire Global investors sufficient time to consider and make an informed decision as to whether they wish to seek appointment as lead plaintiff." ECF 31 at 8. They cite cases where, "in light of the changes in either or both the class period or the nature of the claims asserted, it is 'likely that individuals who could not be considered potential lead plaintiffs would have disregarded the earlier notice." *Id.* (quoting *Hachem v. Gen. Elec., Inc.*, 2018 WL 1779345, at *1 (S.D.N.Y. Apr. 12, 2018)); *see also Luongo v. Desktop Metal, Inc.*, 2022 WL 2532498, at *2 (D. Mass. July 7, 2022). But Sokolowski's cases are, in turn, distinguishable and inapposite. In *Hachem*, the later complaint expanded the class period from one of three months to five years, and also vastly expanded the nature of the fraud allegations. 2018 WL 1779345, at *2. And in *Luongo*, the court did not even consolidate the cases, finding that the longer-alleged period involved substantively different allegations that would be subject to unique defenses. 2022 WL 1779345, at *2-3. Here, by contrast, both complaints and both class periods

---

[2] Notably, Sokolowski does not even argue that the allegations in the Tagawa complaint are not well-grounded—much less that they are "obviously frivolous."

allege precisely the same accounting and internal control failures by Spire, and any shareholder affected by the alleged fraud would not have been "likely . . . [to] have disregarded [Bousso's] notice." *Hachem*, 2018 WL 1779345, at *1. The Court will not therefore require Tagawa to issue a new PSLRA notice.

### 2. Tagawa Has the Largest Financial Interest

Having determined that the relevant class period is the one running from May 11, 2022 to August 27, 2024, the Court must now determine which plaintiff satisfies the statutory requirements for a presumptive lead plaintiff. Since all three plaintiffs have filed motions for appointment, the first determination Court must make is which one has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Only two of the moving plaintiffs (Bousso and Tagawa) have provided the Court with a calculation of their financial interest over the course of the longer class period.[3] Those parties disagree, however, as to the appropriate means by which to calculate "the largest financial interest." Tagawa argues that the "largest net loss" should be dispositive in selecting the presumptive lead plaintiff, *see* ECF 34 at 2-6, while Bousso suggests that a four factor "*Lax* test" which looks also to the number of shares purchased, number of net shares purchased, and net funds expended is more appropriate, *see* ECF 30 at 3-4; *see also Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997). Tagawa reports a net loss of $51,856, while Bousso reports a net loss of $23,131. ECF 34 at 6, ECF 30 at 5.

The Court agrees with Tagawa's approach here, finding that courts generally consider the fourth *Lax* factor, financial loss, to be the most significant, and only a very substantial difference

---

[3] While Sokolowski, in his reply memorandum, attached additional information regarding his transactions across the longer class period, he did not provide the Court with a calculation of his financial interest over that period. *See* ECF 35, ECF 35-1, ECF 35-1.

7

in the first three can outweigh a meaningful gap in financial loss between potential lead plaintiffs. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015) ("The fourth factor is the most important."). As Tagawa points out, the cases Bousso cites to support finding him presumptive lead plaintiff despite having a lesser loss amount are all distinguishable. ECF 34 at 4-5. This is not a case where the difference in the fourth *Lax* factor is marginal, and the Court therefore finds that Tagawa is the moving plaintiff with the largest financial loss over the appropriate class period.

### 3. Tagawa's Counsel's Substantial Errors in His Filings Render Him Inadequate

In order to be the presumptive lead plaintiff, a party must not simply have the largest financial loss, but must also "satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(i). Rule 23 includes the requirement that a named plaintiff will "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). Both Sokolowski and Bousso have argued that Tagawa is "inadequate within the meaning of Rule 23 due to significant errors and/or falsities in his motion papers." ECF 35 at 2; *see also* ECF 33 at 3.

In his initial filings, Tagawa stated his loss amount over the longer class period as $149,470.09. *See* ECF 20 at 4. As Sokolowski points out in his response, however, that calculation does not make sense given a 1:8 reverse stock split of Spire's shares on August 31, 2023. ECF 31 at 12-16. In his reply memorandum, Tagawa claims his counsel made an "inadvertent error . . . as a result of failing to account properly for the 1:8 reverse stock split," thus "multiplying the relevant share prices for [some] transactions by eight, in [his] preliminary loss chart." ECF 34 at 9. His actual loss, he claims, was $51,856. *Id.* at 6.

The Court accepts Tagawa's contention that the incorrect loss calculation was an innocent error rather than a deliberate effort to mislead the Court. Nevertheless, that error raises serious

8

concerns about Tagawa and his counsel's ability to adequately litigate this case. The error is one that Tagawa or his counsel should have caught, as it related to a stock split they were aware of and resulted in an overstatement of Tagawa's loss by a factor of three.[4] Sokolowski cites, and this Court agrees with, the analysis in *Rodriguez v. Draftkings*, 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021). There, as here, one Plaintiff's submissions included "significant errors and inconsistencies" such as "overstat[ing] and cloud[ing] his losses." *Id.* at *5, *9. The court found that had the plaintiff "been serious about his responsibilities as a budding class representative, he should not have had to been alerted to these basic errors in the first place." *Id.* at *9. Other cases have reached the same conclusion with respect to comparable errors. *See, e.g.*, *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (finding that clerical error "speaks to a level of carelessness and causes [the court] to doubt whether [plaintiff] possesses the necessary adequacy and sophistication to be lead plaintiff") (cleaned up); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 419 (E.D. Pa. 2019) (same); *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658 (N.D. Ill. Jan 28, 2020) ("[Plaintiffs'] failure to discover these obvious errors independently warrants a determination that the [they] will not be adequate representatives of the class.").

Tagawa writes off his error as "regrettable" but "innocent," and "not of the severity to disqualify a presumptive lead plaintiff." ECF 34 at 9-10. But the cases he cites are inapposite. In *Pack v. LuxUrban Hotels*, 2024 WL 3046258, at *6 n.2 (S.D.N.Y. June 18, 2024), the issue was not a miscalculation but "a reasonable methodological dispute." And in *Ferrari v. Gisch*, 225 F.R.D. 599, 604-605 (C.D. Cal. 2004), the "relatively minor miscalculations" resulted in a

---

[4] The oversight is all-the-more concerning in light of Tagawa's argument that he is especially qualified as "a trained accountant." ECF 20 at 5.

misstatement of the loss amount by about 10%, not nearly 300%.[5] To put it bluntly, "[t]he Court is not buying" Tagawa's effort to brush his serious errors under the rug, and cannot find that he would adequately represent the class of plaintiff shareholders. *Rodriguez*, 2021 WL 5282006, at *9. For this reason, Tagawa does not meet the statutory requirements of a presumptive lead plaintiff under the PSLRA and cannot represent the class.

### 4. Because Tagawa is Inadequate Under Rule 23, Bousso is the Presumptive Lead Plaintiff.

Having found that Tagawa does not meet the requirements of a presumptive class plaintiff under 15 U.S.C. § 78u-4(B)(iii)(I), the Court must look elsewhere. Adopting the longer class means that Sokolowski is not an option. For one, he has not provided any calculation of his loss amount across the longer class period, so it is impossible to determine that he has the "largest financial interest in this litigation." *Id.* § 78u-4(B)(iii). Second, "the court [cannot] comfortably use the longer class period but appoint [Sokolowski] where [he] ha[s] already given a disparaging assessment of [Tagawa and Bousso's] motion[s] advocating for the longer class period." *Luongo* 2022 WL 2532498, at *2.

That leaves Bousso. As the only eligible "remaining movant[]," he "indisputably has the largest financial interest" in this litigation." *Plaut*, 2019 WL 4512774, at *6. Bousso has also demonstrated to the Court's satisfaction (and without any contestation from the other movants) that he satisfies the requirements of Rule 23. Bousso's claims, as outlined in his Complaint, are "typical" of the class as he alleges that he purchased Spire securities in reliance on the fraud that both he and Tagawa allege. ECF 23 at 7-8. His submissions show that he purchased 10,001 shares of Spire securities before the alleged fraud was revealed, and sold all but one of those shares in

---

[5] In *In re Advance Tissue Scis. Sec. Litig.*, 186 F.R.D. 346, n.12 (S.D. Cal 1998), the court did find that errors did not "overcome the statutory presumption in favor" of lead plaintiffs, but there is no indication in the opinion (or Tagawa's briefing) as to the nature of those errors.

batches between August 23 and August 29, thus selling shares after each of the alleged reports that alerted plaintiffs to the fraud. *See* ECF 24-2 at 2.

Bousso is also adequate. A person is generally an adequate representative where he "(i) does not have interests that are adverse to the interest of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *Microstrategy* 110 F. Supp. 2d at 435-436. Bousso does not appear to have any interests adverse to the class. His selected counsel, who have litigated numerous securities class actions, are sufficiently competent to manage this litigation. *See* ECF 24-3. And Bousso appears in other respect competent to represent the class. The Court therefore finds that Bousso meets the statutory requirements for a presumptive lead plaintiff under the PSLRA.

### 5. No Movant has Rebutted Bousso's Status as Presumptive Lead Plaintiff.

Bousso's status as presumptive lead Plaintiff may be dislodged if another member of the proposed plaintiff class presents proof that he "will not fairly and adequately protect the interest of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Because no plaintiff has attempted to provide such proof, Bousso will be appointed lead plaintiff.

### C. Appointment of Lead Counsel

As described above, the Court shall approve Plaintiff's selection of counsel "based solely on that counsel's competence, experience, and resources." *Microstrategy*, 110 F. Supp. 2d at 439. The Court is satisfied based on Bousso's motion and exhibits that his counsel and liaison counsel are sufficiently "competent and experienced . . . and that both have the resources to serve effectively as co-lead counsel." *Id.* at 440. It will therefore appoint Glancy Prongay & Murray LLP as lead counsel and Butler Curwood PLC as local counsel for the plaintiff class.

## IV.      CONCLUSION

For the foregoing reasons, the Court will consolidate the above-captioned actions, appoint plaintiff Michael Bousso as lead plaintiff, and appoint Glancy Prongay & Murray LLP as lead counsel with Butler Curwood PLC as local counsel. It is hereby

**ORDERED** that Plaintiff Michal Bousso's Motion (ECF 22) is **GRANTED**; and it is further

**ORDERED** that Plaintiff Kohei Tagawa's Motion (ECF 19; ECF 10 in Case No. 1:24-cv-1810) and Plaintiff Wojciech Sokolowski's Motion (ECF 25; ECF 13 in Case No. 1:24-cv-1810) are **DENIED**, except to the extent that their requests to consolidate this action are **GRANTED**; and it is further

**ORDERED** that the above-captioned cases are **CONSOLIDATED** pursuant to Fed. R. Civ. P. 42(a) and this case is renamed *In re Spire Global, Inc. Securities Litigation*, Master File No. 1:24-cv-01458-MNS-WEF; and it is further

**ORDERED** that pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, Plaintiff Michal Bousso is appointed as Lead Plaintiff; and it is further

**ORDERED** that Plaintiff Michal Bousso's selection of Glancy Prongay & Murray LLP as Lead Counsel and Butler Curwood PLLC as Local Counsel for the class is **APPROVED**.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

November, 21, 2024
Alexandria, Virginia