**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

IN RE SPIRE GLOBAL, INC., SECURITIES
LITIGATION,

Case No. 1:24-CV-1458-MSN-WEF

**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION
OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT AND FOR
LEAVE TO EXCEED PAGE LIMITATIONS**

Lead Plaintiff Michal Busso ("Plaintiff") respectfully files this opposition to Defendants'

Motion for Extension of Time to Respond to Plaintiff's Amended Complaint and for Leave to

Exceed Page Limitations (the "Motion," Dkt. No. 58). As counsel for Plaintiff communicated to

counsel for Defendants, Plaintiff opposes Defendants' Motion because she believes the Court has

already considered these issues, including the filing of an amended complaint and the impending

holidays, in setting the operative schedule. If the Court is inclined to grant Defendants' request,

Plaintiff requests an equal, reciprocal extension of time and/or pages. In particular:

1.      Following Plaintiff's appointment as lead plaintiff, the parties met and conferred

and submitted a proposed schedule for the filing of an amended complaint and motion to dismiss

briefing schedule. The request was based on "the nature of the issues in the action, and counsels'

schedules, including with respect to the upcoming holiday season." Dkt. No. 52 at 1. It requested

36 business days to file an amended complaint, 49 business days for Defendants' opening brief for

their motion to dismiss the amended complaint, 30 calendar days for Plaintiff's opposition brief to

Defendants' motion to dismiss, and 30 calendar days for Defendants' reply brief. *Id.* at 1-2. The

stipulation stated that the request was "consistent with briefing schedules entered in other securities

class actions in this district." *Id.* at 2 (citing *In re Volkswagen AG Securities Litigation*, No. 1:22-

1

cv-45 (E.D. Va. Apr. 11, 2022) (Dkt. 20); and *Klein et al. v. Altria Group, Inc. et al.*, No. 3:20-cv-75 (E.D. Va. Feb. 26, 2020) (Dkt. 72)).

2.      The Court denied the stipulated schedule, stating that "[t]he Parties have not shown good cause for such an attenuated briefing schedule," and ordered Plaintiff to file an amended complaint by December 23, 2024, Defendants to answer or move to dismiss the amended complaint within 30 days thereafter, Plaintiff to file any opposition to a motion to dismiss within 21 days thereafter, and Defendants to file any reply within 10 days thereafter. *Id.*  In accordance with that schedule, Plaintiff filed an amended complaint on December 23, 2024. Dkt. No. 57 (the "Amended Complaint").

3.      Within hours of the filing of the Amended Complaint, counsel for Defendants emailed counsel for Plaintiff to request a 30-day extension and 10-page extension for Defendants' anticipated motion to dismiss the amended complaint. In response, Plaintiff explained that she believed that Defendants' requests were "duplicative and a waste of judicial resources" because (1) "Court already considered and denied Defendants' request for 49 business days to respond to the amended complaint, which is nearly the same as Defendants' proposed request (41 business days)" and (2) there was no "basis to deviate from the page limits provided by the local rules, given that Judge Nachmanoff has already denied a request that was 'consistent with briefing in other securities cases in this District.'"  As such, Plaintiff informed Defendants that they would oppose the requested time and page extensions because she believes the Court has already considered these issues in setting the operative schedule.

4.      The Motion itself confirms Plaintiff's position.  Nearly all of the proffered reasons for an extension were considered by the Court in setting the operative schedule, including the cases cited for the proposition that the requested schedule is "consistent" with other securities class

2

actions in this district. *Compare* Dkt. No. 52 at 2*, with* Dkt. No. 58 at 3. And Defendants offer no compelling reason to suggest that the arguments they intend to raise cannot be concisely stated within a 30-page opening brief. *See* Local Civil Rule 7(F)(3).

5.      Plaintiff does note that Defendants' requested relief is unequal in that the proposed order does not include a corresponding extension for Plaintiff's opposition brief.  If the Court does grant Defendants' requested relief, as to either an extension of time or for an extension of pages, Plaintiff respectfully requests that she receive an equal, reciprocal extension.

Dated: December 26, 2024

*/s/ Paul M. Falabella*
BUTLER CURWOOD PLC
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
paul@butlercurwood.com
craig@butlercurwood.com

*Local Counsel for Lead Plaintiff Michal Bousso*

GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
csadler@glancylaw.com

Rebecca Dawson
230 Park Ave, Suite 358
New York, New York 10169
Telephone: (213) 521-8007
Facsimile: (212) 884-0988
rdawson@glancylaw.com

*Counsel for Lead Plaintiff Michal Bousso*

3

THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*